## ALACULSY LUMBER COMPANY *v.* GUDGER.

1. "The power of tax-collectors of this State to issue executions against wild and unimproved lands, because of the non-payment of taxes due thereon by the owner, is dependent upon a non-return of such lands for taxes by the latter, and it is therefore essential to the exercise of this power and to the validity of the title of a purchaser of such land, acquired at a sale under and by virtue of an execution so issued, that it appear from the recitals in the execution, not only that the land against which the same was issued was wild and unimproved, but that it was likewise not returned for taxes by the owner."

(a) A paper purporting to be a tax execution issued by a tax-collector against a specified lot of land is fatally defective because of its omission to recite that the land was wild, or that it had not been returned for taxes, or to set forth any facts authorizing the issuance of a tax execution against the property in rem.

2. In an action of trespass to land the burden is on the plaintiff to show either title to, or possession of, the land at the time of the alleged trespass.

3. Estoppels in pais operate only upon existing rights. A plaintiff in an action of trespass quare clausum fregit must recover on proof of his title or possession at the time of the alleged trespass, and his defective title at that time will not be aided by the defendant's subsequent purchase of the land from one who may be estopped from denying the. plaintiff's title, although the defendant may have notice of facts constituting the estoppel at the time of his purchase.

　　　　　　　　　JUNE 17, 1910.

Action of trespass.　Before Judge Fite.　Murray superior court.　April 14, 1909.

*W. C. Martin* and *C. N. King,* for plaintiff in error.

*William E. Mann,* contra.

EVANS, P. J.　R. M. Gudger and John Hampton brought an action in trespass against the Alaculsy Lumber Company, to recover damages occasioned by the cutting and removal of certain

timber and tanbark from a lot of land alleged to be the property of the plaintiffs. Hampton was stricken from the case, and the defendant in its answer denied that the plaintiff had title. The title relied upon by the plaintiff was a deed from A. T. Logan, sheriff, to R. M. Gudger, dated December 2, 1884, conveying lot of land number 290 in the 27th district and 2d section of Murray county, under and by virtue of the following fi. fa.:

"Georgia, Murray County. By W. R. Loughridge, Tax-Collector of said county. To all and singular constables of said county. Greeting: You are hereby commanded that of lot of land 290 27th district and second section you cause to be made the sum of thirty cents, the amount of tax due the State of Georgia and county for the year 1883 by reason of the non-payment thereof as aforesaid, as appears to me from the tax returns, and the sum of fifty cents, the costs and charges incurred by the said delinquent in consequence of the non-payment of the taxes as aforesaid. Fail not. This the first day of September, 1884. W. R. Loughridge, Tax-Collector."

The fi. fa. and deed were objected to when offered in evidence upon the ground that the fi. fa. was not issued in the terms of the statute, in that it contained no recital that the land was unreturned for taxes, that it was wild land and unimproved, and that the owner was unknown. The court charged the jury that under the record evidence the plaintiff was entitled to recover the actual value of the tanbark and timber which the defendants had cut and carried away from the lot of land in dispute. The court was requested to charge, "That unless the plaintiffs show actual possession of the land in dispute, that is to say, possessio pedis, or actual legal title, then you should not find any amount of damages against the defendant." This request was refused. At the trial the plaintiff prevailed; and in the motion for new trial the defendant complains of the admission in evidence of the tax deed, the instruction of the court, and the refusal to give its written request in charge. A new trial was refused, and the defendant excepts.

1. The land upon which the trespass was alleged to have been committed was wild or unimproved land. It was such at the time of the alleged sale under the tax fi. fa. This tax fi. fa. was not issued in terms of the statute, in that the execution did not show upon its face that the land against which the same was issued was

wild or unimproved land and had not been returned for taxes by the owner. A tax fi. fa. issuing in rem, and omitting such recitals, is fatally defective, and a sale of land thereunder is void. *Leonard* v. *Pilkinton*, 99 *Ga.* 738 (27 S. E. 753) ; *Southern Pine Company* v. *Kirkland*, 112 *Ga.* 216 (37 S. E. 362) ; Political Code, §§ 821, 908. It was therefore erroneous to admit in evidence the fi. fa. and deed upon which the plaintiff relied as showing title to the land upon which the trespass was alleged to have been committed.

2. So far as the evidence discloses, the plaintiff was never in actual possession of any part of the land. In order to maintain an action of trespass to land it is essential for the plaintiff to show title in himself or possession. The requested charge should have been given. *Ault* v. *Meager*, 112 *Ga.* 148 (37 S. E. 185).

3. The only record title introduced in evidence by the plaintiff was a tax deed from A. T. Logan, sheriff, to himself, dated December 2, 1884. The plaintiff testified that he had returned the land continuously for taxation since his purchase at sheriff's sale; and that the agents of the defendant, just before committing the trespasses, made an effort to buy from him the timber upon the land in controversy, and that he refused to sell. The value of the timber and tanbark cut and removed by the defendant was shown. The defendant offered in evidence a deed from W. G. Harris, sheriff, to A. T. Logan, dated July 2, 1878, a deed from S. M. Logan, administratrix of A. T. Logan, to defendant, dated July 20, 1907, and the tax returns of A. T. Logan for the years 1883 and 1884, showing that he returned the land for taxation during those years. It further appeared that all of the alleged trespasses by the defendant were committed prior to obtaining its deed from Mrs. Logan, administratrix of A. T. Logan. The defendant moved for the direction of a verdict, which the court refused. In his charge the court instructed the jury that under the record evidence the plaintiff was entitled to recover the actual value of the tanbark and timber which the defendant had cut and carried away from the premises, and limited the investigation of the jury to the amount of the damages. The title upon which the plaintiff based his right to recover was the tax deed from A. T. Logan, sheriff, to himself. As already pointed out, this deed conveyed no title, for the reason that the tax execution upon which it was based was invalid. If the plaintiff could recover at all, it would be because the defendant is

estopped from denying his title. It may be conceded that if at the time of the alleged trespass the defendant was claiming title under A. T. Logan, and at the time of acquiring title it had notice that the land which was sold by Logan, sheriff, was his own land, an estoppel would arise against it from asserting Logan's individual title. But it appears that at the time the defendant cut the timber and tanbark from the land it had not purchased the land from the administratrix of A. T. Logan, and was not claiming under that title. Estoppels only operate against parties and their privies; they do not bind strangers. *Harris* v. *Amoskeag Lumber Co.,* 101 *Ga.* 643 (29 S. E. 302). When the defendant cut and removed the timber it was a stranger to the Logan title, and, therefore, was not estopped from attacking the plaintiff's title. Estoppels in pais operate only upon existing rights, not upon rights subsequently acquired. Rorer on Judicial Sales, § 473. Although A. T. Logan's administratrix might be estopped, under the facts developed in this case, from denying the title of the plaintiff, such estoppel could not affect the defendant, and render it liable for acts which were done when it had no connection whatever with the Logan title. The court, therefore, erred in his instruction that under the record evidence the plaintiff was entitled to recover.

*Judgment reversed. All the Justices concur.*