### 5872.   STEINHAUER & WIGHT INCORPORATED v. THOMPSON.

RUSSELL, C. J.   1. Where in a contract for the sale of an automobile the time of delivery is not fixed otherwise than by a stipulation that the automobile will be delivered "as early as possible," parol evidence is admissible to explain the meaning of the term "as early as possible," as it was understood by the contracting parties at the time of making the contract, and testimony on this point is not subject to the objection that it tends to vary the terms of the written instrument.

2. Upon the breach of a contract of sale, the vendor may recover such damages as naturally arise according to the usual course of things, and such damages as were contemplated by the parties, at the time the contract was made, as the probable result of a breach (Civil Code, § 4395); and necessary expenses incurred by either party in complying with the contract may be recovered (Civil Code, § 4402); but the provisions of these sections of the code have no application when the property rejected by the buyer is resold by the vendor.   In such a case the measure of the vendor's damages is the difference between the contract price and the price on resale.   Civil Code, § 4131.   The defendant by its plea of set-off was confined to the measure of damages specified in the particular remedy provided by § 4131, which the defendant had selected.   Accordingly, the trial judge did not err in repelling testimony to the effect that the failure of the purchaser to take an automobile placed upon the vendor the necessity of selling the car again at the expense of showroom, shop, and selling force, amounting to ten per cent. of the list price of the car.   Especially was the exclusion of this testimony harm-

less in view of the fact that there was no evidence as to the price at which the car was resold by the vendor.

3. This suit was an action to recover money deposited with the vendor to be applied in partial payment for an automobile which was to be delivered at a time in the future, "as early as possible," by the vendor to the purchaser making the deposit, and was based upon an alleged failure of the vendor to deliver the machine as soon as it might have been delivered, or within a reasonable time; and in the state of the record the court did not err, in the absence of testimony showing that the defendant's delay was immaterial or that the plaintiff by his conduct had waived compliance with this term of the contract, in instructing the jury as to the duty of the defendant to comply with each and every term of the contract.

4. The instruction to the effect that if the jury believed, from the evidence, that the defendant failed to comply with the terms of the contract, and failed to tender delivery of the car within the life of the contract, it would be their duty to find for the plaintiff the amount sued for, is not subject to the exception that it is ambiguous as to the life of the contract, in that it fails to set forth what was the life of the contract under the evidence in the case. The life of the contract was a matter for determination by the jury; and if fuller and more specific instructions were desired, they should have been appropriately requested.

5. The remaining grounds of the motion for new trial do not specify wherein consists the error complained of, and therefore fail to constitute valid assignments of error. *Judgment affirmed.*

DECIDED JUNE 25, 1915.

Complaint; from municipal court of Atlanta. June 20, 1914.

*E. A. Neely,* for plaintiff in error. *R. W. Milner,* contra.