DEICH *v.* REEVES.

No. 16151.  MAY 13, 1948.

598

*Shelby Myrick,* for plaintiff in error.

*Karl M. Fleetwood* and *George C. Heyward,* contra.

JENKINS, Chief Justice. The ground of the defendant's general demurrer on which more particular stress is laid, is that from the terms of the option it is not clear what property was intended to be covered. This he contends is manifest for the reason that said option referring to the property described in the lease as premises known as "Beach Cottage," located on a named lot, thereby included only the dwelling built on the lot named and not the lot itself upon which it is located. The controlling question is, therefore, not whether the description in the lease is suffi-

ciently certain to locate the premises on which the house is built, for under numerous decisions of this court the description of premises described as "Beach Cottage, known as 1310 Butler Ave.," located on Lot 3 of Beach Lot 83 in Savannah Beach, Tybee Island, Chatham County, Georgia, affords a key by which the exact location of said lot could be readily ascertained and its boundaries fixed by extrinsic evidence. *King* v. *Brice,* 145 *Ga.* 65, 66 (1) (88 S. E. 960); *Boney* v. *Cheshire,* 147 *Ga.* 30 (3) (supra); *Lewis* v. *Trimble,* 151 *Ga.* 97 (2) (106 S. E. 101). The real question then is, whether or not the description of the property actually leased included said premises; or whether, as contended by the defendant lessor, such description referred only to the dwelling described as "Beach Cottage, known as 1310 Butler Ave.," and "located on" said lot.

Clearly the option to purchase covered the precise property which was the subject-matter of the lease, and it follows that, if the description in the lease includes the lot in question, there can then be no uncertainty as to the subject-matter of the option, and the contract would not be defective in this particular. In this connection, it must be observed and emphasized that the subject-matter of the written lease is referred to as "certain premises," which are described. While the term "premises" has varying meanings, which usually must be determined by the context, yet, when used in a lease of realty without qualifying words, it has been held by the weight of authority to mean land and buildings, lands and tenements, land and its appurtenances, etc. 33 Words & Phrases, 354 et seq.; 49 C. J. 1328, § 3. It follows that, without qualifying words or other provision in the lease to restrict its meaning to land only or to buildings only, the term, "certain premises," as used in the instant lease means both land and the buildings thereon. We cannot, therefore, agree with the contention of the lessor that reference to certain premises described as Beach Cottage, known as 1310 Butler Avenue, located *on* said lot could be taken to limit the lease to the dwelling and to preclude what is described as the premises upon which the dwelling is located. Obviously, since the description of the premises included both land and the building thereon, it became necessary to refer to such building as being located on such land.

It is contended by the ` ·sor, however, that the size of the lot as set forth in the petiti·,·1 (80 feet by 389 feet) suggests that such lot is adaptable to further subdivision, and for this reason negatives any reasonable intention on the part of the lessor to grant an option to purchase the whole of said lot, by referring to the premises as being known as "Beach Cottage." It is shown by the pleadings that said lot is comparatively narrow, fronting only 80 feet on the ocean beach, and that the house is located on the back of the lot. Considering the possibilities of inundation and encroachments by the ocean in stormy weather, we think that there is nothing in the depth of the lot which would suggest that it was not the intention of the lessor to lease and grant an option to purchase the whole of said lot along with the cottage situated thereon. In view of the allegations that the purchase-price stated in the option represented the fair market value of the house *and* lot at the time the lease and option was entered into, it can not be said on demurrer that, by reason of the size of said lot, it would even suggest the idea of a possible subdivision or be contrary to the principles of equity and good conscience to enforce specific performance of said option.

Furthermore—even if it could be said that any uncertainty as to the subject-matter of the option existed by reason of any indefiniteness in the description of the property, since it is alleged that the plaintiff entered into possession of the entire specifically identified house and lot under the terms of the lease and option with the knowledge and consent of the lessor and made valuable improvements on both the house and lot—under the rulings by this court in *Wardlaw* v. *Wardlaw,* 185 *Ga.* 181, 186 (194 S. E. 187), such allegations, if proven, would cure any such defect in the written description.

*Judgment affirmed. All the Justices concur.*