### MARSH *v.* BAIRD.

JENKINS, Chief Justice. The exceptions are to the order overruling general demurrers to a petition for specific performance of a contract based upon the following writing: "September 26, 1947. This is to certify that I have this day sold place known as the Anderson place on Rt. No. 1, 12 miles out of Augusta, Georgia to W. A. Baird. . . Cash selling price $6500; has paid $100 down on the place—the balance to be paid when deal is closed. Place to be turned over to Mr. Baird as soon as possible. [Signed] T. W. Marsh, W. A. Baird." The questions thus presented on general demurrer relate to the sufficiency of the contract to authorize a decree of specific performance; as well as the sufficiency of the petition with respect to allegations as to tender of the purchase-price. *Held*:

1. The Code, § 96-101, provides as follows: "Three elements are essential to a contract of sale: 1. An identification of the thing sold. 2. An agreement as to the price to be paid. 3. Consent of the parties."

2. "The description of land in a contract of sale is sufficiently definite where the premises are so described as to indicate the grantor's intention to sell a particular lot of land. Where the contract indicates that a particular tract is intended to be conveyed, its practical identification can be proved by extrinsic evidence." *King* v. *Brice,* 145 *Ga.* 65 (88 S. E. 960); *McIntosh* v. *Roane,* 148 *Ga.* 273 (96 S. E. 387); *Petretes* v. *Atlanta Loan & Trust Co.,* 161 *Ga.* 468 (131 S. E. 510); *Blumberg* v. *Nathan,* 190 *Ga.* 64 (8 S. E. 2d, 374); *Deich* v. *Reeves,* 203 *Ga.* 596 (48 S. E. 2d, 373).

(a) In the instant case, the description, "Anderson place on Route 1, 12 miles out of Augusta, Georgia," is sufficiently definite to indicate the grantor's intention to sell a particular tract of land, and unlike the description in the case of *Molton* v. *Woodruff*, 175 *Ga.* 168 (165 S. E. 59), where it was said with respect to the description, "It is impossible to locate in what part of the round world the lot which was the subject-matter of the bargain is located." The instant description not only gives the location of the land—12 miles out of Augusta, Georgia, on Route 1, but further describes it as "Anderson Place," and it can not reasonably be said that the land as thus described can not be definitely located. Insofar as concerns the question as to the sufficiency of the description to authorize a decree of specific performance, it is immaterial that the land *might,* as contended by the plaintiff in error, be located in another State or county, and this is true for the reason that the action is one in personam and not in rem, and there is no plea to the jurisdiction.

3. Since under the above rulings there is no uncertainty as to the subject-matter of the contract, and since there is no question concerning the agreement as to the price to be paid, or of the consent of the parties, it follows that the contract here considered was not lacking in any of the essential elements necessary to an agreement for the purchase and sale of the land described. The only remaining question with respect to the contract itself is whether or not the additional provision, that the "place is to be *turned over* to [the purchaser] *as soon as possible,"* is so vague and indefinite as would render the contract impossible of enforcement by specific performance. In this connection, while "Parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument" (Code, § 38-501), nevertheless, "All the attendant and surrounding circumstances may be proved, and if there is an ambiguity, latent or patent, it may be explained" (§ 20-704 (1)), so that, even if there be any ambiguity as to the meaning of the provision that the place is to be "turned over," it would be explainable by parol evidence, just as would the intention of the parties as to the meaning of the term, "As soon as possible," as dealt with in *Steinhauer* v. *Thompson,* 16 *Ga. App.* 470 (85 S. E. 677).

4. "In order to support a suit by a purchaser for specific performance of a contract for the purchase and sale of land, it must be made to appear that before the institution of the action the purchaser had paid the purchase-money in accordance with the terms of the contract, or else had made an actual unconditional tender thereof, or that such a tender had been waived." *Jolly* v. *Jones,* 201 *Ga.* 532 (40 S. E. 2d, 558). It has been several times held by this court that a tender of the amount due for land sold under a bond for title, with a condition attached that the obligor make a deed in accordance with the bond, is not a good and unconditional tender. *Irvin* v. *Locke,* 200 *Ga.* 675, 679 (38 S. E. 2d, 289), and cases there cited.

(a) The instant petition alleged: that "On October 29th . . plaintiff was ready to close the sale by paying defendant the balance of $6400, out of which sum the defendant was to pay the security deed over the property and his portion of the taxes unpaid for 1947, and plaintiff desired to close the transaction on the next Tuesday;" that "The said

defendant declined and refused to close the sale and receive the money and make the deed to plaintiff on the following Tuesday;" and that "The plaintiff *several times thereafter* called upon the defendant to agree on a date to make him a deed to the above-described property, conveying to him fee-simple title, as he stood ready, willing, and anxious to pay the balance of the purchase-price, but defendant refused to make such deed." It was further alleged that on November 19, 1947, "plaintiff called upon the defendant and offered him in cash money the balance of the $6400 of the said sale price of $6500, . . and defendant declined to receive it."

(b) Under the decisions above mentioned, the allegations of the petition with respect to all tenders prior to November 19, 1947, were inadequate, as showing tender conditioned upon the execution of a deed. However, since the allegations with respect to the tender of November 19 show a tender of the balance of the purchase-price in cash money, without in any wise suggesting any condition as being attached thereto, which tender it is alleged was refused, it follows that the petition was not subject to general demurrer as failing to show an unconditional tender or a waiver thereof.

*Judgment affirmed. All the Justices concur, except Bell and Wyatt, JJ., absent on account of illness.*

No. 16229. June 18, 1948.

*Pierce Brothers*, for plaintiff in error.
*W. D. Lanier*, contra.