## HAYGOOD v. DUNCAN, administrator, *et al.*

CANDLER, Justice. The only question presented for decision by the writ of error is whether or not a contract for the sale of land sufficiently described the property which the maker intended to include therein. On this issue the court directed the jury to return a verdict finding that the contract was void for want of description. The exception here is to a judgment overruling a motion for new trial, which complained only of the verdict as directed. As to this question the record shows: The defendant Haygood relied upon a deed, dated August 13, 1917, from W. W. Duncan to Mrs. Julia A. White, and others, which conveyed a described tract of land containing 20.20 acres in Clarke County, Georgia, together with an easement in certain other lands of the grantor which might be overflowed or damaged by a dam across the Oconee River raising the water to a height of twelve feet above its normal level. The deed also contained the following: "And, for the consideration aforesaid, the party of the first part hereby gives and grants unto the said parties of the second part, their heirs and assigns, the right and privilege of purchasing at the price of $50.00 per acre, in cash, any other portion of the lands of the party of the first part embraced in the tract of land from which the tract conveyed by this deed is detached and conveyed. This option shall extend for a period of fifty years from the date of this conveyance and shall be exercised only in the event the said parties of the second part, or their successors in title, shall hereafter raise, alter or change in any manner the present dam of the Princeton Manufacturing Company and its appurtenances in such a manner as to cause the lands of the party of the first part to be overflowed by the waters of the Oconee River to a point above the twelve-foot water level established in the preceding paragraph of this conveyance, or. in the event that such change or alterations in said dam or its appurtenances may occasion damage to said lands by backwater, overflow, seepage, or otherwise."

"The rights, privileges and agreements herein contained shall be deemed covenants running with the land." *Held:*

1. The same rule requiring definiteness of description in a deed for land is applicable to a contract for the sale or purchase of land. *Harper v. Kellar*, 110 *Ga.* 420 (35 S. E. 667); *Blumberg v. Nathan*, 190 *Ga.* 64 (8 S. E. 2d, 374).

2. "The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable.

*Andrews* v. *Murphy,* 12 *Ga.* 431." *Mull* v. *Allen,* 202 *Ga.* 176, 179 (42 S. E. 2d, 360). A deed is sufficient to pass title, and will not be declared void for uncertainty of description, if the descriptive averments contained therein are certain, or if they afford a key by which the land conveyed thereby can be definitely located by the aid of extrinsic evidence. *Deaton* v. *Swanson,* 196 *Ga.* 833 (28 S. E. 2d, 126).

3. "The description of land in a contract of sale is sufficiently definite where the premises are so described as to indicate the grantor's intention to sell a particular lot of land. Where the contract indicates that a particular tract is intended to be conveyed, its practical identification can be proved by extrinsic evidence. *King* v. *Brice,* 145 *Ga.* 65 (88 S. E. 960); *McIntosh* v. *Roane,* 148 *Ga.* 273 (96 S. E. 387); *Petretes* v. *Atlanta Loan & Trust Co.,* 161 *Ga.* 468 (131 S. E. 510); *Blumberg* v. *Nathan,* 190 *Ga.* 64 (8 S. E. 2d, 374); *Deich* v. *Reeves,* 203 *Ga.* 596 (48 S. E. 2d, 373)." *Marsh* v. *Baird,* 203 *Ga.* 819 (48 S. E. 2d, 529).

4. In the instant case, the deed upon which the defendant Haygood relied, conveying a described acreage of land in Clarke County, Georgia, on the Oconee River and above the mill of the Princeton Manufacturing Company, and which also contains an agreement to convey, for a stated price per acre, "any other portion of the lands of the party of the first part embraced in the tract of land from which the tract conveyed by the deed is detached and conveyed," is sufficiently definite as to description to show with certainty that it was the intention of the grantor to sell the balance of a particular tract of land, and this being true, the identity of the land thus described could be shown by other competent evidence. *McAfee* v. *Newberry,* 144 *Ga.* 473 (87 S. E. 392); *Moore* v. *McAfee,* 151 *Ga.* 270 (106 S. E. 274); *Nasworthy* v. *James,* 152 *Ga.* 368 (110 S. E. 7); *Dorsey* v. *Dorsey,* 189 *Ga.* 662 (7 S. E. 2d, 273); *Knighton* v. *Hasty,* 200 *Ga.* 507 (37 S. E. 2d, 382).

5. For the reason stated above, the court erred in directing a verdict for the plaintiff on the ground that the contract was void for want of sufficient description, and afterwards in overruling a motion for new trial complaining only of such error.

*Judgment reversed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16371. OCTOBER 13, 1948. REHEARING DENIED NOVEMBER 18, 1948.

*Joseph E. Webb* and *P. J. Smith,* for plaintiff in error.

*Erwin, Nix & Birchmore, Eugene Epting,* and *Milner & Stephens,* contra.