Bowles *et al. v.* The Babcock & Wilcox Company.

Duckworth, Chief Justice. 1. An option is a contract by which the owner of property agrees with another that the latter shall have the right to buy the owner's property at a fixed price, within a certain time, on agreed terms and conditions, and is subject to all rules governing other contracts. Code, § 96-101; *Black* v. *Maddox,* 104 *Ga.* 157 (30 S. E. 723); *Hughes* v. *Holliday,* 149 *Ga.* 147 (99 S. E. 301); *Mattox* v. *West,* 194 *Ga.* 310 (21 S. E. 2d, 428); *Jones* v. *Smith,* 206 *Ga.* 162 (56 S. E. 2d, 462).

2. In an option to purchase land the description must be sufficiently definite so as to describe a particular lot of land or, when the contract indicates the intention of the seller to sell a particular tract, its practical identification can be proved by extrinsic evidence. *Mull* v. *Allen,* 202 *Ga.* 176 (42 S. E. 2d, 360); *Deich* v. *Reeves,* 203 *Ga.* 596 (48 S. E. 2d, 373); *Marsh* v. *Baird,* 203 *Ga.* 819 (48 S. E. 2d, 529); *Haygood* v. *Duncan,* 204 *Ga.* 540 (50 S. E. 2d, 214).

3. On application of the foregoing rules to the present case, there was a proper obligation to convey the tract of land consisting of three acres, more or less, at a fixed price per acre—the exact acreage to be determined by an accurate survey at the time the option is exercised, bounded on two sides by definite landmarks and on the other two sides by two proposed roads, both of which were shown on a plat drawn to scale attached to and made a part of the option, such that by applying the same to the ground the tract could be definitely located even though

there was a further provision that the State Highway Department and other authorities have not definitely fixed the locations of these roads and that any variation of their locations may increase or diminish the property covered in the option, which makes it become contingent upon the authorities fixing the locations of the two roads. The petition alleges that this contingency has occurred, and the exact quantity of land is no longer indefinite, since the option provides a key for determining the exact acreage in the tract.

4. When the cardinal rule of construction, which is ascertainment and effectuation of the intention of the parties, is applied here, it demands an affirmance. Both by the express provision that the land involved should extend to the projection of the named road and proposed highway as shown on the attached drawing, and by the proviso that, if the authorities locate these roads differently from the drawing, then the land involved shall extend to such roads as thus located, it becomes perfectly obvious that both intended that the optionee should buy all land between his premises and the proposed highway and extension of Olive Road, subject only to the meaning of the words "more or less," which would prevent its enforcement if the locations of the roads should leave so much land subject that it would be unreasonably in excess of the three acres.

5. For the reasons stated above, the petition alleges a cause of action for specific performance, and the court did not err in overruling the demurrer thereto.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18265. SUBMITTED JUNE 9, 1953—DECIDED JULY 13, 1953.

*Carl E. Sanders, Sanders, Thurmond & Hester*, for plaintiffs in error.

*Hull, Willingham, Towill & Norman*, contra.