### 19973. DAVIS *v.* PALMER.

DUCKWORTH, Chief Justice. This is an action for trespass on land, in which the plaintiff relies on prior possession alone and prays for damages and for injunctive relief. The trial judge, at the completion of the presentation of evidence and after denying a motion to direct the verdict in favor of the defendant, directed a jury to return a verdict in favor of the plaintiff, after which the judge entered a judgment in favor of the plaintiff, enjoining the defendant as prayed. He thereafter denied the defendant's motion for judgment notwithstanding the verdict and judgment, and the defendant's motion for new trial as amended. The exceptions are to the previous orders overruling a demurrer to plaintiff's petition, defendant's request for admissions, and motion for judgment notwithstanding the verdict and judgment; and to the final judgment denying the motion for new trial as amended. *Held*:

1. The petition alleges a cause of action for the relief sought, hence the court did not err in overruling the demurrer thereto.

2. The lower court did not err in sustaining the petitioner's objections to the request for admissions of fact, all of which were either in reference to the petitioner's title and irrelevant, or drawn in such a manner that this court, in considering the pleadings can not ascertain whether or not they were material and relevant to the issues involved. See Code (Ann.) § 81-1011 (Ga. L. 1953, p. 224).

3. To maintain an action for trespass when relying on possession alone, it is essential that the plaintiff show possession of the land in question in himself, and actual possession must be shown of the tract upon which the trespass allegedly occurred.

Code § 105-1403; *Alaculsy Lumber Co.* v. *Gudger*, 134 *Ga.* 603 (68 S. E. 427); *Fender* v. *Gardner*, 153 *Ga.* 460 (112 S. E. 368).

4. Where, as here, the petitioner testified that he was in possession of the tract of land described in the petition, had enclosed it all by fence with the fence running along the old mining ditch separating his property from that of the defendant, built a dwelling house thereon in which he lives and has lived for over seventeen years, cultivated a part of the land, grazed his cow on the land, used some for a hog lot and some for a cow lot, built a barn thereon, and maintained a fence around the land and the residence continuously since 1940, but had moved the fence from in front of his house along the road to the back of his house some ten years ago but continued to use this unfenced part for growing flowers, gardening, parking of automobiles, and to pile lumber and junk thereon, and no one objected to his possession until the defendant trespassed thereon—this evidence was sufficient to show actual possession of the land as required by Code § 85-403. And with the evidence that the defendant had torn down the fence several times, cut trees thereon, and had attempted to go into possession, petitioner made out a prima facie case of trespass as alleged in the petition. Therefore, the court did not err in denying the motion for judgment notwithstanding the verdict.

5. But the testimony of the defendant—that there has not been any fence around the property claimed by the plaintiff and as contended by him, there being no fence along the ditch on the south as claimed, nor along the road, and that he has not been in actual possession of all the land claimed; and that he had no fence around this property until April 1955, when he began to put up a fence above the ditch, which she tore down, and she had notified him that this was not the dividing line—creates a conflict in the evidence which only a jury can determine, and the court erred in directing the verdict for the plaintiff.

6. One of the special grounds of the amended motion for new trial complains of the allowance in evidence of the plaintiff's testimony as to a transaction with a deceased agent, Burns, who assisted him in marking the lines. Burns was not shown to have been the agent of the selling estate but rather to have

been acting exclusively as the agent of the purchaser; therefore *Whiddon* v. *Hall,* 155 *Ga.* 570 (118 S. E. 347), pertaining to dual agency has no application. And, since the action is predicated solely· on possession, good faith and motive of the possessor are not involved; hence Code § 38-302 and the cases cited have no application. The alleged acts and statements of Burns, the deceased agent, were, as to the defendant, entirely hearsay and were subject to the objection interposed by the plaintiff in error, and the court erred in denying the amended motion for new trial complaining thereof.

7. The description contained in the deeds in the defendant's alleged chain of title provides means for the location of a triangular shaped piece of land in Land Lot 985, 12th Land District, 1st Section of Lumpkin County, Georgia, by means of extrinsic evidence; the property being described as being bounded on the east by Land Lot No. 998, 12th Land District, on the west by a street running from Arcadia Avenue to Clarkesville Street, and on the north by land of Dahlonega Consolidated Gold Mining Company. See *Andrews* v. *Murphy,* 12 *Ga.* 431; *Mull* v. *Allen,* 202 *Ga.* 176 (42 S. E. 2d 360); *Marsh* v. *Baird,* 203 *Ga.* 819 (48 S. E. 2d 529); *Haygood* v. *Duncan,* 204 *Ga.* 540 (50 S. E. 2d 214); *Bowles* v. *Babcock & Wilcox Co.,* 209 *Ga.* 858 (76 S. E. 2d 703). Thus, these deeds should have been allowed in evidence for the purpose of allowing the defendant to show by extrinsic evidence the location of the property. Then, in the event the property could not be located by such evidence, or when located does not involve the land in question, they could have been excluded from the evidence. Since the court excluded these deeds without giving the defendant an opportunity to show the location thereof, the court erred in denying the amended motion for new trial complaining thereof.

8. The evidence did not demand a verdict for the plaintiff. Thus, for the reasons stated, the court erred in directing the verdict for the plaintiff and in denying the amended motion for new trial.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 15, 1958—DECIDED FEBRUARY 7, 1958—
JUDGMENT ADHERED TO AFTER REHEARING MARCH 7, 1958.

*A. C. Wheeler, Wheeler, Robinson & Thurmond, Stow & Andrews,* for plaintiff in error.

*Kenyon, Kenyon & Gunter,* contra.