38075. FLORENCE *et al.*, Executors, *v.* RANKIN-WHITTEN REALTY COMPANY.

DECIDED MARCH 9, 1960—REHEARING DENIED MARCH 23, 1960.

334

*R. B. Pullen*, for plaintiffs in error.

*McCurdy, Candler & Harris, Claude Hambrick*, contra.

GARDNER, Presiding Judge. Under the authority of *Robinson v. Odom*, 35 *Ga. App.* 262 (4) (133 S. E. 53) and citations, an option for the purchase of land is a contract "for the sale of lands or any interest in or concerning them" within the meaning of the statute of frauds (Code § 20-401 (4)) and accordingly to make the obligation "binding on the promisor, the promise must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized."

In this action to recover $400, the recited consideration for a written option agreement signed only by the executors of the decedent owner of the land in question, the defendant charged with the promise or obligation to pay the $400 neither paid the $400 recited as having been paid, nor did he sign any agreement to pay that sum. Thus, by no means known to the law did he

accept what is in its present form a mere offer to sell an option. Since he is the promissor sought to be charged, he can not be held to his verbal promise. Execution by payment or part payment would have shown acceptance of the offer and would have removed the transaction from this provision of law, but there was none. No such "part performance of the contract as would render it a fraud on the party refusing to comply" is shown for the reason that the plaintiffs fail to show any adverse consequences to themselves between February 26, 1959, when the ninety-day option was orally granted and March 13, 1959, when the offer was rescinded by the defendant, such as would render it a fraud upon them not to compel a performance. They do not allege that their plans regarding the property were in any way changed, or that they would have made any other use of the property or any attempt to sell it to another had they not considered the option in effect during this two-week period, and they have accordingly not been injured or defrauded in any way.

In *Black* v. *Maddox,* 104 *Ga.* 157 (30 S. E. 723) the offer to sell or option which was signed by the promissor sought to be bound was accepted by the promisee, or rather his assignee, within the time limited and a tender of full performance was made. Since the tender of the full purchase price was made before the option was withdrawn, it was held that as of the time of such tender it became a completed contract. In *Southern Bell Tel. &c. Co.* v. *Harris,* 117 *Ga.* 1001 (44 S. E. 885), the instrument was signed only by the grantor of the easement for the stringing of telephone wires who thereafter sought to prevent its execution on the ground, among others, of failure of consideration, the expressed consideration being $1.00. The statute of frauds is not discussed in this case, but it clearly appears that the telephone company had entered upon the land, was in process of erecting the lines when interfered with, and that there was accordingly such part performance of the contract by it as to remove the contract from the statute of frauds. There the grantor, and not the telephone company, was the "promissor sought to be charged."

In each of the above cited cases the promissor had, by means of a written option signed by himself, offered to sell, and in each the offer was accepted: in the first case by tender of the full

consideration, and, in the second, by entry upon the land and part performance of the contract. The promissor sought to be bound had signed the instrument and the opposite party had accepted the offer by performance or part performance. In the present case the promissor sought to be bound signed no written instrument and did nothing in performance of the contract, although it procured the offer. Neither was the promisee induced to do anything in performance of the contract which it would not otherwise have done. For the defendant here to have enforced the contract, under the above cited cases, it would first have had to tender to the plaintiffs, whose offer was in writing, full performance by payment of the consideration named in the option. The plaintiffs' act in signing the option and delivering it to the defendant, no consideration being received and no written assent of the defendant being obtained, amounted to no more than an offer of the option, and the defendant, before anything further was done by either party, notified the plaintiffs that it no longer desired the option. The plaintiffs seek to bind the defendant on its oral promise to pay the $400 consideration for the option, but the promise, to be enforceable as against them should have been reduced to writing by them, or else the plaintiffs should have shown such performance on their own part as would have rendered it a fraud for the defendant to refuse to comply.

The trial court correctly held that the contract sued upon was a contract for the sale of lands or an interest in or concerning them, and that the obligation of the defendant, being in parol, was unenforceable as within the statute of frauds. The petition was properly dismissed on general demurrer.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*