TENANTS COUNCIL OF TIBER IS-
LAND–CARROLLSBURG SQUARE,
Dorothy S. Moskowitz, Walter H.
Fleischer, Plaintiffs,

v.

George W. DeFRANCEAUX, Tiber Island
Corporation, Carrollsburg Square Cor-
poration, Frederick W. Berens Sales,
Inc., Hilliard L. Burnside, Defendants.

Civ. A. No. 1256–69.

United States District Court
District of Columbia.

Sept. 24, 1969.

Landis, Cohen & Singman, B. Michael Rauh, Shaw, Pittman, Potts, Trowbridge & Madden, C. Wayne Hunter, Washington, D. C., for plaintiffs.

Whiteford, Hart, Carmody & Wilson, Washington, D. C., for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

PRATT, District Judge.

Upon consideration of the pleadings, plaintiffs' Motion for Summary Judgment, Statement of Material Facts and Affidavits in Support Thereof, defendants' Opposition and Affidavit in Support Thereof, plaintiffs' Motion for Order Authorizing the Maintenance of this Suit as a Class Action, and oral argument of counsel, the Court determines, as set forth in the findings of fact and conclusions of law below, that there is no genuine issue of material fact so that plaintiffs are entitled to judgment and that plaintiffs may not maintain this suit as a class action.

### Findings of Fact

1. Plaintiff Tenants Council of Tiber Island-Carrollsburg Square is a nonprofit corporation incorporated under the laws of the District of Columbia, comprised of approximately 460 tenants of the high rise and town house projects known as Tiber Island and Carrollsburg Square, located in the vicinity of Fourth and M Streets, S.W., Washington, D. C. These tenants occupy 400 of the more than 800 units of Tiber Island and Carrollsburg Square.

2. The individual plaintiffs, Dorothy S. Moskowitz and Walter H. Fleischer, are tenants, respectively, of Tiber Island and Carrollsburg Square projects.

3. Defendants Tiber Island Corporation and Carrollsburg Square Corporation are owners of the Tiber Island and Carrollsburg Square projects.[1] Defendant Frederick W. Berens Sales, Inc., is managing agent of both properties and receives rent in its name from the tenants of both projects on behalf of the owners. Defendant Hilliard L. Burnside is the property manager for Frederick W. Berens Sales, Inc., and is responsible for the enforcement of all rules and regulations promulgated by the owners and management.

4. The Tiber Island and Carrollsburg Square projects each have a swimming pool for the use of all tenants of both projects. The rentals charged tenants at Tiber Island and Carrollsburg Square are based upon a format which includes the cost of operating the swimming pool facilities. In renting apartments and town houses in the two complexes, defendants represent to prospective tenants that the swimming pool facilities will be available to them without additional charge.

5. The present controversy arises from defendants' refusal to issue passes necessary to gain admission to the swimming pools at the aforesaid projects to tenants including individual plaintiffs, who did not sign a form "Application For Swimming Pool Pass" provided by defendants, which form included the following exculpatory clause:

"In consideration of Tiber Island Corporation and Carrollsburg Square Corporation providing swimming pool facilities, the undersigned expressly agrees to assume the risk of any accidents or personal injury which he or any member of his family or any guest of the undersigned may sustain while using the said facilities, and agrees that Tiber Island Corporation, Carrollsburg Square Corporation and Frederick W. Berens Sales, Inc.,

---

1. Defendant, George W. DeFranceaux, who is a minority owner of the Tiber Island Project, was not served with process.

Agent, will in no way be liable for any such injury. The undersigned further agrees to indemnify and save harmless Tiber Island Corporation, Carrollsburg Square Corporation and Frederick W. Berens Sales, Inc., Agent, for any injuries sustained by any member of his family or any guest of the undersigned while using the said facilities."

The record does not show the number of the tenants of Tiber Island and Carrollsburg Square who have applied for swimming pool passes or that all of these tenants have applied for passes. None of the tenants have been notified of this action pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure.

6. Defendants, in late April of 1969, provided tenants with applications for swimming pool passes with the aforementioned exculpatory clause. On May 6, 1969, defendants sent a memorandum to all residents of Tiber Island and Carrollsburg Square, which in pertinent part stated that:

"We are receiving a few applications for the use of parking spaces and for the use of swimming pools which have been altered or rewritten.

"For obvious reasons, we cannot attempt to negotiate individual contracts. Accordingly, a form contract, designed to protect the interests of both parties, has been made available for use by all. Use of the facilities involved cannot be granted until the required agreements have been approved by this office. Processing of applications usually takes a week to ten days."

7. On May 14, 1969, plaintiffs filed this action. On May 29, 1969, after a hearing, District Court Judge Gerhard A. Gesell entered a Consent Order, in lieu of passing upon plaintiffs' Motion for a Preliminary Injunction, which Consent Order provided that in order plaintiffs not be denied passes necessary to be admitted to the pools for the 1969 season while the legality of the clause was contested, tenants of Tiber Island and Carrollsburg Square could sign the defendants' application form, but with a notation that "The undersigned questions the legality of this instrument and signs it under protest in order to obtain use of the swimming pool facilities, and reserves all objections to the validity thereof."

8. The Motion for Summary Judgment was filed by plaintiffs on August 1 and defendants' Answer was filed on September 10. The swimming pool closed for the season prior to September 11, 1969, when this matter was heard.

9. No genuine issue of material fact exists in this case.

Conclusions of Law

1. This Court has jurisdiction over this action under 11 D.C.Code § 521 and 28 U.S.C. §§ 2201 and 2202.

2. This suit presents an actual case or controversy. As similar exculpatory clauses have regularly been employed by defendants in the past, this controversy is not rendered moot by the close of the 1969 swimming season, and presents an appropriate occasion for the granting of Declaratory and Injunctive relief. United States v. W. T. Grant Co., 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303; Gray v. Sanders, 372 U.S. 368, 375-376, 83 S.Ct. 801, 9 L.Ed.2d 821.

3. The challenged clause is invalid as against public policy. Although the question does not appear to have been previously decided in this jurisdiction, some jurisdictions have indicated that such clauses are invalid. See Kuzmiak v. Brookchester, Inc., 33 N.J. Super. 575, 111 A.2d 425 (1955); Feldman v. Stein Building & Lumber Co., 6 Mich.App. 180, 148 N.W.2d 544 (1967); Papakolas v. Shaka, 91 N.H. 265, 18 A. 2d 377 (1941); Galligan v. Arovitch, 421 Pa. 301, 219 A.2d 463 (1966).

In Kay v. Cain, 81 U.S.App.D.C. 24, 154 F.2d 305 (1946), the Court of Appeals of this Circuit stated in dicta that:

" * * * it is doubtful whether a clause which did undertake to exempt

a landlord from responsibility for such negligence would now be valid. The acute housing shortage in and near the District of Columbia gives the landlord so great a bargaining advantage over the tenant that such an exemption might well be held invalid on grounds of public policy." 154 F. 2d at 306.

4. The challenged clause also is invalid because it would insulate defendants civilly from the consequences of violations of their duties to the public under both the common law and the District of Columbia Building Code (see 3 D.C.Code § 346 et seq.).

5. Defendants have failed to show any ground of entitlement to receive from tenants the additional consideration of this exculpatory clause. As stated in the Findings of Fact, and as is undisputed on the record, use of the swimming pools is a part of the rental price of dwelling units of Tiber Island and Carrollsburg Square. Accordingly, there was no consideration for the additional agreement defendants sought to require of plaintiffs.

6. Plaintiffs do not have an adequate remedy at law.

7. Plaintiffs are entitled to a Summary Judgment under Rule 56, Fed.R.Civ. P., declaring that the disputed clause is invalid and granting an injunction restraining defendants from further requiring or attempting to require tenants to agree to an exculpatory clause in order to obtain the use of the swimming pool facilities operated by defendants.

8. Plaintiffs are not entitled to maintain this suit as a class action in behalf of all the tenants of Tiber Island and Carrollsburg Square pursuant to Rule 23, Fed.R.Civ.P.

Wherefore, it is by the Court this 24th day of September, 1969, adjudged, declared, decreed and ordered as follows:

1. Defendants' requirement that tenants agree to an exculpatory clause in order to gain the use of swimming pool facilities in the Tiber Island and Carrollsburg Square projects is contrary to public policy and is without consideration. Defendants' promulgation of rules and regulations and the posting and distribution of notices in connection with the use of swimming pool facilities with similar exculpatory language is also contrary to public policy. Such clauses, rules, regulations and notices are void and unenforceable.

2. Defendants Tiber Island Corporation, Carrollsburg Square Corporation, Frederick W. Berens Sales, Inc. and Hilliard L. Burnside, and their agents, employees and assigns, are permanently restrained and enjoined from further requiring, or attempting to require, any tenants of the Tiber Island and Carrollsburg Square projects to sign an agreement in any form, promulgate any rules or regulations or post or distribute any notices for the waiver of defendants' liability (or that of any of them or their agents, employees or assigns) or for their indemnification, as a condition for obtaining the use of the swimming pool facilities that are part of those projects.

3. Defendants Tiber Island Corporation, Carrollsburg Square Corporation, Frederick W. Berens Sales, Inc. and Hilliard L. Burnside, are further permanently restrained and enjoined from refusing to issue passes or other documentation necessary to obtain the use of these facilities or from refusing to admit any tenants to such facilities of the Tiber Island Carrollsburg Square projects, by reason of the tenants' refusal to sign an agreement in any form to waive defendants' liability (or that of any of them, their agents, employees or assigns) or for their indemnification.

4. The motion of plaintiff for an order authorizing maintenance of this suit as a class action is denied.