### 46409. LUNSFORD v. STATE NATIONAL SECURITIES, INC. et al.

QUILLIAN, Judge. The appellees leased a portion of a two-level building. The building was constructed in such a manner that there were parking areas in the front and a driveway on the side of the building leading to an elevated rear area of the building which was a paved parking lot. There were several lower level tenants and one other tenant on the upper level.

Appellees filed a complaint contending that a controversy existed between them and appellant regarding the use of an upper level parking area and praying that the court declare that the parking area in dispute is not subject to control or interference by appellant (lessor) or to use by any of the lower level tenants. Appellant filed an answer stating the lease was prepared by appellees and answering each paragraph of the complaint.

When the case came on for hearing, the court with consent of the parties treated the hearing as a motion for summary judgment, and construed the lease provision as to parking to mean that the upper-level parking area is under the exclusive use and control of the upper level tenants. *Held:*

The lease provided in part: "1. The lessor, for and in consideration of the rents, covenants, agreements, and stipulations hereinafter mentioned, reserved, and contained, to be paid, kept and performed by the lessee, has leased and rented, and by these presents does lease and rent, unto the said lessee, and said lessee hereby agrees to lease and take upon the terms and conditions which hereinafter appear, the following described property (hereinafter called premises), to wit: #285 Hammond Drive, N. E., Atlanta. Being the eastern portion of the upper level of building including all of the area not now under lease to others. Including joint use of all upper level parking area with other upper level tenants."

The issue of law is whether the provision in the lease "including joint use of all upper level parking area with other upper level tenants," means that upper level tenants have the exclusive right to use and control of the upper level parking area.

The lease describes the property leased as the premises. "While

the term 'premises' has varying meanings, which usually must be determined by the context but, yet, when used in a lease of realty without qualifying words, it has been held by the weight of authority to mean land and buildings, lands and tenements, land and its appurtenances, etc." *Deich v. Reeves,* 203 Ga. 596, 599 (48 SE2d 373).

*Code* § 20-702 provides: "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction."

It is clear that it was the intent of the parties that the upper level tenants were to have the exclusive use and control of the upper level parking. Had the lessor intended differently the lease should have stated that all tenants would have a joint use of the parking area.

The granting of the summary judgment was not error.

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*
ARGUED SEPTEMBER 13, 1971—DECIDED NOVEMBER 8, 1971.

*Poole, Pearce & Cooper, William F. Lozier,* for appellant.
*Parks & Eisenberg, David S. Eisenberg,* for appellees.