## 50180. CARLTON et al. v. HOSKINS et al.

QUILLIAN, Judge.

Plaintiffs, Gertrude Carlton and her husband, O. B. Carlton, have appealed from a judgment in the trial court on a motion for summary judgment in favor of defendants, James Hoskins, Carl Hoskins, and Construction & Improvement Specialty Company of Chattanooga. Plaintiffs resided in Apartment No. 110 of an apartment complex owned and operated by defendants. Another defendant in the original suit, Bert Styles, owned a camper-trailer parked within the complex. Plaintiffs alleged that employees of the City of LaFayette moved the camper-trailer to a position within the complex in front of the manager's office and the adjoining laundry room. Plaintiffs further allege that the tongue of the trailer, approximately six feet in length, extended over the sidewalk for two-thirds of its length, at a height of about two and one-half feet. According to the complaint, Mrs. Carlton was returning from the laundry room at approximately 9:00 p.m. on the evening of March 23, 1973, with a basket of laundry and while walking along the dimly lighted sidewalk in front of the manager's office and the laundry room, fell over the tongue of the camper-trailer, sustaining the complained of injuries.

Defendants moved the trial court to enter summary judgment "upon the grounds that there is no genuine issue as to any material fact. . ." and relied upon their pleadings and an affidavit of Mrs. Betty S. Bennett, the manager of the apartment complex for appellees. Mrs. Bennett stated that plaintiffs executed a lease which contained as Clause 15 therein: *"Landlord* shall not be liable for any damages or injuries to persons or property occurring in or about the premises, and *Tenant* shall save *Landlord* harmless from any and all such injuries, and from any damages arising from any cause whatsoever in or about the premises." The trial court entered judgment for defendants but stated no basis for the decision. *Held:*

While it is not against public policy to enter into a lease agreement containing a "hold-harmless" clause, such contracts are not favored by the law and will be strictly construed against the indemnitee. *Ragland v.*

*Rooker,* 124 Ga. App. 361 (183 SE2d 579). Generally, the purpose of an exculpatory clause between a lessor and lessee is to relieve the lessor from liability for damages caused by defects in the leased unit. *Insurance Co. of North America v. Gulf Oil Corp.,* 106 Ga. App. 382 (127 SE2d 43). Further, such exculpatory clause, although effective to release the lessor from liability for damages caused by a breach of his legal duties as landlord it will not relieve him from liability for negligence with respect to other legal duties owed the tenant not arising out of the lease relationship. In the instant case the injury complained of occurred 225 feet from the leased apartment and did not arise incident to the lease itself.

Construction of an unambiguous lease is a question of law for the trial court. *Paulk v. Ellis Street Realty Corp.,* 79 Ga. App. 36 (52 SE2d 625). However, we cannot reach the conclusion that this lease is free from ambiguity. The exculpatory clause related to damages "occurring in and about the premises. . ." The term "premises" has varying meanings and must be determined by the context in which it is used. *Deich v. Reeves,* 203 Ga. 596 (48 SE2d 373). "Premises" is used repeatedly throughout the lease to describe lessee's obligation: "to keep the premises. . .at lessee's expense"; not "to sublet the premises"; and "not allow rats, mice, . . . or other pests or vermin. . .in or about the premises." The references to "premises" clearly apply to the rental unit. The phrase "about the premises" could be construed to refer to an area near or adjacent to the rented apartment. It has been held that an insurance policy which required a watchman to be "in or about the premises" was not complied with where a watchman habitually slept in a building 300 feet away. Rankin v. Amazon Ins. Co., 25 P 260, 262 (3 Cal. Unrep. 330).

While it is clear in the instant case that the exculpatory clause does not include the entire apartment complex, it would be a jury question as to what area of the complex was to be included within such lease clause. See *Lunsford v. State Nat. Securities, Inc.,* 124 Ga. App. 804 (186 SE2d 320). The motion for summary judgment by defendants should have been denied.

*Judgment reversed. Clark and Marshall, JJ., concur.*

ARGUED FEBRUARY 4, 1975 — DECIDED APRIL 14, 1975.

*Hatcher & Daniel, Ross L. Hatcher, III,* for appellants.

*Walton, Smith, Shaw, Maddox & Davidson, James D. Maddox,* for appellees.