## 50662. OSBORNE v. MARTIN.

EVANS, Judge.

Plaintiff and defendant entered into an oral contract whereby defendant was to transfer certain land to plaintiff, and plaintiff was to transfer a certain truck to defendant, and for other consideration.

One of the expenses incurred by plaintiff was having a survey made of the land which was done at the expense of $ 790.23 (T. p. 15). Plaintiff also had the title to the land investigated and paid $500 for that service (T. p. 16).

Defendant refused to transfer the land to plaintiff but sold it to another. Whereupon plaintiff brought suit against defendant for damages, and upon the trial, the lower court directed a verdict in favor of defendant.

Plaintiff appeals. *Held:*

1. While plaintiff never conveyed to the defendant the title to his 1967 model wrecker truck, possession was given to him, and the record shows that plaintiff was willing and ready to convey the title to defendant; that he not only delivered possession of the truck to defendant, but that "I mailed all these papers to Mr. Martin on the wrecker, the tag receipt and the title and the whole bit, *and at the time the property was to be closed out, we was to convey title to the wrecker to him.* Question: You sent the title to Mr. Martin? A. Right." (T. p. 42) (Emphasis supplied.)

2. Thus, it is seen that plaintiff's version of the trade was that the title papers were to be signed *"at the time the property was to be closed out."* In other words, it was to be a contemporaneous transaction; the signing of the deed to the land by defendant and the signing of the title papers to the truck by plaintiff were to be *at the same time.*

3. The price agreed upon was $101,000 for 101 acres of land at the rate of $1,000 per acre with a payment of $20,000 down, balance at 5% interest "worked out over five years." (T. pp. 10, 11, 12) The transcript at page 13 clearly states that the interest rate agreed to by the parties was 5%. We find the following: "Q. And did you agree to pay Mr. Martin any interest? A. Yes, we agreed on interest. Q. And what was that to be? A. At the time we was in his yard, we was talking about five per cent interest is what we agreed on."

True, equity would probably not decree specific performance here, but we are not concerned with a suit for specific performance in equity. We are involved with a suit for damages for fraud. There has been part performance by the delivery of a wrecker, the value of which was to be $5,000 to be applied on the purchase price.

The case of *Florence v. Rankin-Whitten Realty Co.,* 101 Ga. App. 333 (114 SE2d 70) is not in point but involved an offer which was never accepted. It is totally inapplicable here.

4. The fraud of the defendant here is quite clear. The jury can easily infer that defendant never intended to go through with the transaction; that he took the wrecker and disposed of it; that he refused to close the transaction;

and when he determined that plaintiff had obtained a buyer, he sold the land to the buyer, by-passing plaintiff deliberately and intentionally for the purpose of defrauding him to his injury and damage.

5. It must be remembered that the evidence in cases of directed verdict must be construed most favorably towards the party opposing the motion for directed verdict, that is, in favor of the plaintiff in this case. See *Jones v. Mayor &c. of Athens,* 105 Ga. App. 86 (1) (123 SE2d 420); *Ayares Small Loan Co. v. Maston,* 78 Ga. App. 628 (51 SE2d 699).

6. Ordinarily a contract respecting the sale of land must be in writing. Code § 20-401 (4).

7. But an oral contract for the sale of land will be recognized and enforced where there had been such *part performance* of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance. Code § 20-402 (3).

8. In the case now under consideration, plaintiff, in reliance upon the oral agreement between plaintiff and defendant, paid $790.23 to have the land surveyed, and he also paid $500 to have the title investigated, and then he transferred possession of the 1967 model wrecker truck to defendant, as was agreed upon; and possession of all title papers had been given to his attorney so as to be in readiness to close out the transaction. Plaintiff had done everything but sign; and he was ready to sign when defendant signed.

The court erred in directing the verdict against plaintiff.

*Judgment reversed. Bell, C. J., Pannell, P. J., Quillian, Webb and Marshall, JJ., concur. Deen, P. J., Clark and Stolz, JJ., dissent.*

SUBMITTED APRIL 30, 1975 — DECIDED SEPTEMBER 5, 1975 — REHEARING DENIED OCTOBER 9, 1975 —

*Harper & Matthews, Robert D. Matthews,* for appellant.

*Floyd W. Keeble, Jr., Eddie Benton, E. Freeman Leverett,* for appellee.

STOLZ, Judge, dissenting.

An option for the purchase of land is required by the Statute of Frauds to be in writing. *Florence v. Rankin-Whitten Realty Co.,* 101 Ga. App. 333 (114 SE2d 70); Code § 20-401 (4).

The part performance provided by Code § 20-403 (3) to make an exception to the Statute of Frauds, must be part performance *of the contract*—something substantial, generally essential to the performance of the contract, and such that it would render it a fraud of the party refusing to comply if the court did not compel a performance — not merely an independent act, not a part of the contract, which the doer was led to perform by his belief or understanding that the parol contract would be performed by the other party. *Hotel Candler, Inc. v. Candler,* 198 Ga. 339 (31 SE2d 693). The plaintiff's having the land surveyed and the title investigated, and transferring to the defendant possession of but not title to a 1967 model wrecker truck which was claimed by the plaintiff to be the consideration of the alleged option contract — while possibly induced by a belief or understanding that the alleged parol contract would be performed by the defendant, were not acts which were substantial or generally essential to the performance of the contract, etc., as required by *Florence,* supra.

Even if there was such part performance as to constitute an exception to the Statute of Frauds, moreover, the direction of the verdict was proper. "The rules governing other contracts apply to an option and before it can be regarded as a contract there must be an agreement on its terms and conditions." *Smith v. Wheeler,* 233 Ga. 166, 169 (210 SE2d 702) and cit.; *Bowles v. Babcock & Wilcox Co.,* 209 Ga. 858 (1) (76 SE2d 703). See also Code §§ 20-107, 20-108. The evidence shows that there was no agreement as to the interest rate, how interest was to be computed and the payments allocated, whether the payments were payable monthly or annually, the value of the wrecker as a credit on the purchase price, or the terms of the release provisions from the deed to secure debt.

"To constitute a valid contract, there must be . . . a consideration *moving* to the contract, . . ." Code § 20-107. "A consideration is essential to a contract which the law

will enforce." Code § 20-301. The consideration for the alleged option contract was the plaintiff's 1967-model wrecker truck. Although the evidence showed that the plaintiff delivered the mere possession of the vehicle to the defendant and gave his own attorney the documents of title, the title was never conveyed to the defendant. Thus, there was a lack of consideration, hence no valid contract for this additional reason.

I am authorized to state that Presiding Judge Deen and Judge Clark concur in this dissent.