Martin SCHRATTER, et ux.,
Plaintiffs-Appellants,

v.

DEVELOPMENT ENTERPRISES, INC.,
d/b/a Marquis Luxury Apartments,
Defendant-Appellee.

Court of Appeals of Tennessee,
Eastern Section.

Jan. 19, 1979.

Certiorari Denied by Supreme Court
July 2, 1979.

R. Jerome Shepherd, Cleveland, for plaintiffs-appellants.

Luther, Anderson, Cleary, Luhowiak & Cooper, Chattanooga, for defendant-appellee.

OPINION

FRANKS, Judge.

This appeal presents the issue of whether exculpatory clauses in residential leases will be enforced to bar recovery against a landlord for his negligent acts which cause loss or damage to his tenant.

Plaintiffs and defendant entered into a residential apartment lease agreement in July, 1976, in Bradley County. In January, 1977, an agent of defendant negligently caused a fire in the apartment building, which resulted in loss and damage to plaintiffs' personal property and other losses and expenditures. Defendant filed a motion for summary judgment, averring that a provision in the lease prohibits the plaintiffs from maintaining the suit which states, in part, at Sec. 21:

> [T]he Lessor and its agents shall not be liable to Lessee, or any person claiming through Lessee, for any injury to the person or loss of or damage to property from any cause  .  .  .

Plaintiffs argued before the trial court that the exculpatory provision in the lease was void as against public policy, but the trial judge, in sustaining defendant's motion, held under general contract law that parties to a contract may absolve themselves from liability and the rule is applica-

ble to leases. The trial judge's memorandum quoted with approval *Chazen v. Trailmobile, Inc.*, 215 Tenn. 87, 384 S.W.2d 1 (1964), as follows:

There is no disagreement within the various courts and jurisdictions over the fact that parties may contract to absolve themselves from liability, and this rule is applicable, and has been applied to the field of landlord and tenant. It has often been held that public policy is best served by freedom of contract and this freedom is prompted by allowing parties to limit their liability for fire damage under lease agreements. [Citations omitted.] Page 91, 384 S.W.2d page 3.

Appellants appealed, insisting the public policy of Tennessee is no longer as expressed in *Chazen* and the earlier case between those parties reported as *Trailmobile, Inc. v. Chazen*, 51 Tenn.App. 576, 370 S.W.2d 840 (1963).

Plaintiffs contend The Uniform Residential Landlord and Tenant Act of 1975, codified at *T.C.A.*, § 64–2801, *et seq.*, has changed the public policy of the state in this area of the law.

*T.C.A.*, § 64–2813(a)(2) prohibits provisions in rental agreements in which the tenant "agrees to the exculpation or limitation of any liability of the landlord to tenant arising under law . . ." If the act applied to the rental agreement under consideration, the disputed clause would be void; however, the lease was made and performed in Bradley County and *T.C.A.*, § 64–2802 limits application of the act to "counties having a population of more than two hundred thousand [200,000]" or the four so-called metropolitan counties, and defendant argues the Uniform Act leaves the prior public policy of the state, as expressed in *Chazen*, in full force in the remaining 91 counties.

■ Plaintiffs' argument that the public policy of the state should be uniform

throughout is not without appeal. It is disconcerting that the rights of tenants in certain counties of the state should differ so greatly from the rights of tenants in the four metropolitan counties. Nevertheless, the General Assembly clearly limited the application of the act and to accept plaintiffs' argument would extend the application of the Uniform Act to areas which the legislature has specifically excluded.[1] It is our obligation to give effect to, rather than ignore, the legislature's expressly stated intentions. *See Tasco Developing & Bldg. Corp. v. Long*, 212 Tenn. 96, 368 S.W.2d 65 (1963).

The freedom to contract away liability, as expressed in *Moss v. Fortune*, 207 Tenn. 426, 340 S.W.2d 902 (1961), and other cases, is not without limitations. The Supreme Court, in the case of *Olson v. Molzen*, 558 S.W.2d 429 (Tenn.1977), held if the exculpatory provision affects the public interest, then exceptions are to be made for the benefit of the public and adopted the following criteria[2] to be considered in making that determination:

[a.] It concerns a business of a type generally thought suitable for public regulation.

[b.] The party seeking exculpation is engaged in performing a service of great importance to the public, which is often a matter of practical necessity for some members of the public.

[c.] The party holds himself out as willing to perform this service for any member of the public who seeks it, or at least for any member coming within certain established standards.

[d.] As a result of the essential nature of the service, in the economic setting of the transaction, the party invoking exculpation possesses a decisive advantage of bargaining strength against any member of the public who seeks his services.

---

1. Whether the classification of counties rests on a proper basis was not challenged in this case and is not before us for consideration.

2. *Olson* states at page 431, "it is not necessary that all be present in any given transaction, but generally a transaction that has some of these characteristics would be offensive. . . ."

[e.] In exercising a superior bargaining power the party confronts the public with a standardized adhesion contract of exculpation, and makes no provision whereby a purchaser may pay additional reasonable fees and obtain protection against negligence.

[f.] Finally, as a result of the transaction, the person or property of the purchaser is placed under the control of the seller, subject to the risk of carelessness by the seller or his agents. [*Tunkl v. Regents of University*, 60 Cal.2d 92] 32 Cal.Rptr. [33] at 37–38, 383 P.2d [441] at 445–446.

We believe several of the enumerated characteristics are present in this case and while many states have, by legislative enactment or judicial decision, limited or prohibited broad exculpatory clauses in residential leases, *e. g., Tenants Council of Tiber Island-Carrollsburg Sq. v. DeFranceaux*, 305 F.Supp. 560 (D.D.C., 1969), (clause void against public policy); *McCutcheon v. United Homes Corp.*, 79 Wash.2d 443, 486 P.2d 1093 (1971), (clause void); *Carlton v. Hoskins*, 134 Ga.App. 558, 215 S.E.2d 321, (clause limited in effect); *College Mobil Home Park & Sales, Inc. v. Hoffmann*, 72 Wis.2d 514, 241 N.W.2d 174, (validity of clause limited by circumstances of contract)), we are constrained not to apply the *Olson* standard to this case since the Supreme Court limited its decision's application to professional service contracts and, while recognizing that *Chazen* [3] had been decided without consideration of the public interest aspect, did not expressly overrule and cited it as authority for the freedom of contract rule in this state.

For the foregoing reasons, the appellants' assignment of error is overruled; the judgment of the trial court is affirmed, with costs incident to this appeal assessed against appellants.

SANDERS and GODDARD, JJ., concur.

3. *Chazen* involved a commercial lease and some jurisdictions have distinguished between residential and commercial leases. *See generally*, Annot., *Lease—Exculpatory Clause—Validity*, 49 A.L.R.3d 321.