### REYNOLDS BROTHERS *v.* PADGETT.

Although the owner of personal property which another wrongfully takes and converts permanently to his own use may waive the tort and maintain an action *ex contractu* on account for the value of the property, yet where such property was taken without leave but with no intention to convert it permanently, and was injured by a temporary wrongful use, the wrongdoer holding it afterwards for the owner and with no purpose to use, claim or dispose of it as his own, he is liable for the tort in a proper action, but is not chargeable with the value of the property in a suit based on account as for goods sold and delivered.

August 20, 1894.

Petition for *certiorari*. Before Judge SWEAT. Appling county. September 9, 1893.

G. J. HOLTON & SON, by brief, for plaintiffs.

SIMMONS, Justice.

All the authorities agree that one who takes and sells personal property belonging to another, without the

consent of the owner, is liable for its value in an action upon an implied promise to pay for the property. The authorities differ as to whether such an action will lie where the person taking the property does not sell it but retains it for his own use; but the weight of authority seems to be, that the action will lie where the person who takes the property enriches himself or makes a profit from the property, either by selling it or by retaining it and using it himself, with the intention to convert it permanently. Pomeroy, Code Remedies, §§567, 569, and notes. The defendant in this case did neither of these things. He found the wagon in the street and hitched his horses to it for the purpose of going upon a fishing excursion for one day, but upon starting to go the tongue of the wagon was broken by one of the horses, and he unhitched the horses and left it in the street. It was finally carried to his lot and left there, but there is no evidence that he ever made any claim to the wagon or any further use of it, nor was anything further proven tending to show that he intended to convert it permanently to his own use; on the contrary the indications are that he was holding it for the use of the owner. We therefore think the trial judge was right in holding that an action upon an implied contract would not lie, but that the plaintiff must sue in tort for the damage to his property.

*Judgment affirmed.*