## 1714.  MOCK v. WATERS.

HILL, C. J.  1. The ruling of the court in allowing the amendment to the answer is made the subject of specific exception and proper assignment of error; and the final judgment is also excepted to, because of the antecedent ruling in allowing the amendment, which ruling affected the final result. The assignments of error are therefore squarely within the rule laid down by the Supreme Court in *Lyndon* v. *Georgia Ry. & Electric Co.*, 129 *Ga.* 353 (58 S. E. 1047).

2. The act creating the city court of Sylvania (Acts of 1902, p. 170) makes it a "city court" within the meaning of that term as used in the constitution of this State, as construed by the Supreme Court in *Welborne* v. *State*, 114 *Ga.* 793 (40 S. E. 857). We therefore decline to certify to the Supreme Court the constitutional question raised by the defendant in error as to the jurisdiction of this court to review by writ of error the rulings of the city court of Sylvania, the question of constitutional construction involved having been already passed upon by the Supreme Court in the *Welborne* case. *Fews* v. *State*, 1 *Ga. App.* 122 (58 S. E. 64).

3. The amendment to the answer was properly allowed as against general demurrer; for, irrespective of the merits of the other defenses asserted, it set up that the note sued on had been paid in part, which, if proved, would prevent a recovery of the full amount sued for. This is true although the plaintiff afterwards conceded the truth of the plea in this respect. An admission that a plea is well founded is no reason for striking it.                                        *Judgment affirmed.*

Complaint, from city court of Sylvania—Judge Boykin.  January 28, 1909.

Argued April 1,—Decided July 31, 1909.

Rehearing denied September 28, 1909.

*J. W. Overstreet, A. B. Lovett,* for plaintiff.

*E. K. Overstreet,* for defendant.