### 8991.  HENDERSON *v.* HARDEMAN & PHINIZY.

1. In an action ex contractu, where a cross-action is filed by the defendant, which sets up a conversion of the defendant's property by the plaintiff, the cross-action can not be maintained unless it is affirmatively shown that such property has been converted into money. Unless this fact is shown, the cross-action can not be construed as an action for money had and received, and a waiver of the tort, but will be construed as an action ex delicto, which ordinarily can not be maintained as a cross-action in an action ex contractu.

2. The verdict was demanded by the evidence, and it is therefore immaterial whether or not there were errors in the charge of the court. Accordingly it is unnecessary to consider the various exceptions to the charge.

DECIDED NOVEMBER 14, 1917.

Complaint; from city court of Jefferson—Judge Mahaffey. May 22, 1917.

*John J. & Roy M. Strickland,* for plaintiff in error.

*Erwin, Rucker & Erwin,* contra.

BROYLES, P. J.  Hardeman & Phinizy brought suit against R. C. Henderson upon a promissory note for the principal sum of $800, given by Henderson to Carr, Boyd & Company, and by the latter transferred to the plaintiff for value before maturity.  The defendant admitted the execution of the note, but pleaded that he was entitled to a set-off of $724.34, alleging that he had turned over certain cotton of that value, which he as a planter had raised, to Carr, Boyd & Company to be sold and the proceeds credited on this note, and that Carr, Boyd & Company so agreed, and that this cotton was shipped by this firm to Hardeman & Phinizy. The defendant also pleaded, that this was a cash transaction within the meaning of section 4126 of the Civil Code of 1910; that he had never received any of the proceeds of this cotton, and that none of the proceeds were ever credited on his note; and that therefore the title to the cotton still remained in him, and that he was entitled to have the value of the cotton credited as a set-off to the plain-

tiffs' suit. Upon the trial the defendant contended that Hardeman & Phinizy had received a notice from Carr, Boyd & Company to credit the defendant's note with the value of the cotton which had been shipped to them. This contention, however, was not supported by the proof, the evidence not being sufficient to raise even a presumption that Hardeman & Phinizy had ever received such a notice; and even if such a presumption had been raised by the defendant's evidence, it was completely rebutted by the evidence for the plaintiffs.

The evidence was undisputed that the defendant's note had been indorsed and delivered to the plaintiffs before Carr, Boyd & Company received this cotton, and that the plaintiffs knew nothing of the agreement between the defendant and Carr, Boyd & Company to credit the proceeds of the cotton upon the defendant's note, and that the plaintiffs, at the time this agreement was made, held the note as collateral security for a much larger note which Carr, Boyd & Company had executed to them.

Even if the sale of Henderson's cotton to Carr, Boyd & Company was a cash transaction, within the meaning of section 4126 of the Civil Code of 1910 (which in our opinion is doubtful and is not here passed upon), the evidence did not authorize any set-off for the defendant on his cross-action to the plaintiffs' suit. If the amendment to the defendant's answer be construed as setting up a claim for the conversion of his cotton by the plaintiffs, in the absence of any allegations as to the non-residence or the insolvency of the plaintiffs, or other equitable reason which would authorize the defendant to set up in a cross-action a cause of action of a different nature from that set up in the plaintiffs' petition, such a cross-action could not be maintained in an action ex contractu, since it would sound in tort. On the other hand, if the cross-action be construed as waiving the tort and suing in assumpsit for money had and received, it was not sustained by the proof. In *Cragg* v. *Arendale,* 113 *Ga.* 181 (38 S. E. 399), it was held that "Where one wrongfully takes the personal property of another and converts the same to his own use in some other manner than by a sale, and does not receive any money therefor, the owner has a right of action ex delicto against such wrong-doer, and is restricted to this form of action. In such a case the tort can not be waived and an action ex contractu be brought, for the reason that, until the wrong-doer

has received money to which the owner of the property is entitled, there can be no action for money had and received or upon an implied promise to pay money. *Spencer* v. *Hewitt*, 20 *Ga.* 426; *Barlow* v. *Stalworth*, 27 *Ga.* 517. See also *Reynolds* v. *Padgett*, 94 Ga. 347 [21 S. E. 570]; 40 Am. Law Reg. N. S. 50 et seq." In *Southern Railway Co.* v. *Born Steel Range Co.*, 122 *Ga.* 658 (50 S. E. 488), the first and second headnotes are as follows:   (1) "The tort may be waived and the aggrieved party may sue in assumpsit where there has been a sale of the property converted, the action being one for money had and received to the plaintiff's use." (2) "But where the pleadings do not show that the property has been converted into money, and the suit is to recover the value of the property, the action is ex delicto and not ex contractu."

The evidence in this case, as contained in the record, as to the amount of the defendant's cotton sold to Carr, Boyd & Company, is very indefinite. It does not show the exact number of bales or the exact weight of each bale, or the exact price thereof; and when it comes to the amount of the defendant's cotton which was shipped by Carr, Boyd & Company to Hardeman & Phinizy, the evidence is still more indefinite—it not appearing that *all* of the particular shipment of cotton made by Carr, Boyd & Company to the plaintiff (which the defendant contended was his cotton, and the cotton, for the value of which the plaintiff was responsible to him) was the defendant's cotton, or *how much* of it was. The evidence also fails to show that Hardeman & Phinizy ever sold any of the defendant's cotton for any specified amount of money, or that any sum of money arising from its sale remained in their hands.

Under the pleadings, in order for the defendant to avail himself of the defense set up in his cross-action, it was necessary for him to show by the evidence that Hardeman & Phinizy had sold his cotton and retained in their possession a certain sum of money derived from the sale thereof. A well-established rule is that where a party litigant pleads that he is entitled to a verdict and a credit in a cross-action he must give to the jury sufficient data to enable them to estimate intelligently the damages or the amount of the credit that is claimed. In this case the evidence in behalf of the defendant was so meager, uncertain, and indefinite that it would have been impossible for the jury to find any set-off in his favor.

The evidence as a whole clearly demanded the verdict. This

being true it is unnecessary to consider the alleged errors in the charge of the court.

*Judgment affirmed.* *Bloodworth and Harwell, JJ., concur.*