## 23321. COMMERCIAL CREDIT COMPANY INC. *v.* ANTHONY.

DECIDED FEBRUARY 12, .1934. REHEARING DENIED MARCH 3, · 1934.

*Joseph E. Webb, Cotterill, Hopkins & Bryan, Woodruff & Ward,* for plaintiff. *E. C. Stark,* for defendant.

MACINTYRE, J. The plaintiff sued on a note given for the purchase-price of an automobile on terms embodied in a retention-of-title contract. The contract recited: "Cash on or before delivery $400. Allowance on car traded in $220." It was further recited in the contract that there · was a note given (the one here sued upon) payable in sixteen equal monthly installments of $76 each, commencing one month from the date thereof. The defendant filed the following plea (after denying or admitting the paragraphs of the petition): "For further answer to said petition this defendant says: that he purchased from Harris Motor Co., of Athens, Georgia, a certain automobile as described in the retain [retention of?]-title note herein sued upon, and paid part of the purchase-money when said car was bought, and gave his note for deferred payments; that he has never defaulted in any payments due on said note under said· note or contract, and that before any of said payments become [became?] due, to wit, within about one week of the time defendant bought said automobile, and without any legal process whatever, the said plaintiff in this case, the Commercial Credit Company Inc., took actual and physical possession of said automobile and drove the same away from the premises of this defendant and over the protest of this defendant, and by so doing rescinded said contract under which said automobile was purchased, and injured and damaged your petitioner in the sum of $620, being the amount of money paid at the time of the purchase of said automobile, when said sum was made up of a used automobile and second notes executed to Harris Motor Co., and which said sum represents a net loss to this defendant, by reason of the wrongful and fraudulent seizure of and carrying away of said automobile,

which said automobile was the property of this defendant, and until and when this defendant should have defaulted in one of said payments, then the plaintiff had no legal right to seize and possess said automobile without process of law or under the terms of the contract of purchase and sale." The plea then prays judgment in the sum of $620, with interest. No evidence was introduced by the plaintiff. The defendant introduced evidence sustaining his plea. Judgment was rendered for the defendant in the amount of the cross-action. The plaintiff filed a motion for a new trial, and contended here that, the nature of the defendant's cross-action being in tort, it could not be maintained against the plaintiff's petition, which sounded in contract.

"Between the parties themselves any mutual demands, existing at the time of the commencement of the suit, may be set off." Civil Code (1910), § 4340. "Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract." § 4350. "Recoupment may be pleaded in all actions ex contractu, where from any reason the plaintiff under the same contract is in good conscience liable to defendant. And in all cases where, under the laws of this State, recoupment may be pleaded, if the damages of the defendant shall exceed, in amount, those of the plaintiff, the defendant shall in such cases recover of the plaintiff the amount of such excess." § 4353. It seems to us that the plea, while very inaccurately expressed, sets up a recoupment, in that the plaintiff rescinded (breached) the contract by repossessing the automobile purchased under the contract, over the protest of the plaintiff, and that his plea is properly construed to be one for damages for such breach, which could be properly pleaded against the plaintiff's action on the notes, which are a part of the contract. The amount of money or amount of property delivered under the contract by the defendant to the plaintiff could properly be considered by the jury in estimating the damage caused him by reason of the contract. Where the plaintiff on his part breached the contract the defendant could have treated the contract as rescinded and could sue in trover for recovery of property given under the contract, but he would not be restricted to such action; on the other hand, where the plaintiff sues on the notes which are a part of the contract, he, the de-

fendant, could legally recoup damages by reason of the alleged breach. See, in this connection, *Battle* v. *Atkinson,* 9 *Ga. App.* 488 (71 S. E. 775); *Wood* v. *Jones,* 10 *Ga. App.* 735 (73 S. E. 1099); *Timmerman* v. *Stanley,* 123 *Ga.* 850 (51 S. E. 760, 1 L. R. A. (N. S.) 379). In 8 Am. & Eng. Enc. L. (2d ed.) 632, it is said: "As has been said more than once, the fundamental principle of damages is compensation to the injured party. This rule in the present connection [damages in actions for breach of contract] is simply the application of the principle stated to contracts—that is, the measure of damages in such cases is the value of the bargain to the complaining party, or the loss which a fulfilment of the contract would have prevented or the breach has entailed."

It is true that the rights of the defendant would be no greater against this plaintiff, the assignee or transferee of the note sued on, than they would be against the seller, but where the seller of the automobile or the transferee of the note given for the purchase-price thereof rely on the contract by suing thereon, the defendant would be entitled to recoup damages against either, suing as plaintiff for the alleged breach of the contract. "While, as a general rule, allegations of fact are to be construed most strongly against the pleader, yet, in the absence of special demurrer, where the facts alleged in a petition are such as would be proper and adequate to support one form of action, but inadequate, although appropriate, to another form of action, and where the petition is ambiguous to the extent that the pleader's intention is not clearly manifest as to which form of action is relied upon, the courts in such a case, in endeavoring to ascertain the plaintiff's intention, will prima facie presume that his purpose was to serve his best interest, and will construe the pleadings so as to uphold and not to defeat the action." *Stoddard* v. *Campbell,* 27 *Ga. App.* 363 (108 S. E. 311). There was no demurrer to the plea, and although the defendant in his answer has used ambiguous expressions which might be construed as a suit for conversion of the automobile, we see no reason why the cross-action should not be construed as one for damages for the breach of the contract. It is true that if the defendant agreed to the rescission of the contract by the plaintiff, he could not then sue for a breach of the contract, but the defendant here does not so agree, but is merely seeking to obtain damages arising by reason of the breach. We so construe the cross-action. The case of *Henderson* v. *Hardeman,* 21

*Ga. App.* 298 (94 S. E. 317), is clearly distinguishable from the case at bar. We hold, therefore, that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*