28071. TREAT ORCHARD COMPANY *et al. v.* GENERAL CHEMICAL COMPANY.

DECIDED MARCH 7, 1940. REHEARING DENIED MARCH 22, 1940.

*W. W. Mundy Jr., C. C. Bunn, A. S. Clay, Hirsch, Smith &*
*Kilpatrick,* for plaintiffs in error.

*Johnston & Jones,* contra.

PER CURIAM. Suit was brought on a number of promissory
notes, and the makers sought to set off against the liability on the
notes damages alleged to have resulted from the plaintiff's breach
of a contract in which it is contended plaintiff promised to furnish

defendants with certain insecticides for peach and apple orchards in 1937. The answer alleged that the plaintiff breached its contract in July, 1937. The notes sued on were dated September 1, 1937, and were given for insecticides furnished to the defendants under the contract. While the answer alleged that the defendants did not know what damages they would suffer by reason of the plaintiff's breach of the contract until 1938, it shows that defendants knew in July, 1937, of the breach of the contract. The execution by the defendants of the notes sued on, after they were fully aware of the breach, was a waiver of the breach which they can not now plead in defense to a suit on the notes. It was not error for the court to sustain the general demurrer to the defendants' plea and answer. Consequently the court properly directed a verdict for the plaintiff, and entered judgment accordingly, after the amount of an alleged overcharge had been written off by the plaintiff. *Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

SUTTON, J., concurring specially. I concur in the judgment affirming the judgment of the trial court in sustaining the general demurrer to the defendants' answer because the written instrument upon which the defendants in the present case relied as showing an obligation on the part of the plaintiff, who brought suit on certain promissory notes, to deliver to them insecticides for use in spraying their apple and peach orchards, the alleged breach of which the defendants' answer and cross-bill set up damaged them in an amount in excess of the sum sued for and which they sought to recover, while evidencing a mortgage to secure past and future indebtedness for materials shipped and to be shipped by the plaintiff, did not evidence any agreement on the part of the defendants to accept, or to pay any definite amount for, the insecticides to be furnished, and, consequently, the alleged contract was unilateral, indefinite, and unenforceable. *Morrow v. Southern Express Co.,* 101 *Ga.* 810 (28 S. E. 998) ; *McCaw Mfg. Co. v. Felder,* 115 *Ga.* 408, 411 (41 S. E. 664) ; *Harrison v. Wilson Lumber Co.,* 119 *Ga.* 6 (3) (45 S. E. 730) ; *Huggins v. Southeastern Cement Co.,* 121 *Ga.* 311 (48 S. E. 933) ; *Mallet v. Watkins,* 132 *Ga.* 700 (64 S. E. 999, 131 Am. St. R. 226) ; Code, §§ 20-107, 96-101. The court did not err in sustaining the general demurrer and in striking the answer and cross-bill, except as to an allegation with respect to an overcharge on one shipment, and, no other defense to the

notes sued on being pleaded, the court did not err on the trial of the case in directing a verdict and entering up judgment for the plaintiff after the amount of the alleged overcharge had been written off by the plaintiff.