33751.   LIFE & CASUALTY INSURANCE COMPANY OF TENNESSEE
*v.* MONDAY.

CARLISLE, J. 1. Where, by the terms of a policy of insurance, it is provided that "This policy shall take effect *as of the date of issue* provided the insured is in sound health and free from bodily injury on such date and the first premium shall have been paid in cash," and where, in an action on such policy to recover for an alleged injury to the insured, it is alleged that the policy was "in full force and effect upon the date [December 12, 1949] that the plaintiff lost his hand," which allegation is denied by the defendant in its answer, and by amendment it is alleged in the petition that "said policy became effective on the 10th day of December, 1949," to which allegation no answer was made, and where, on the trial of the case, it appears that the *date of issue* written on the policy has been so obscured or obliterated that it is illegible—it is for the jury to determine from evidence introduced for that purpose on what date the policy was issued. Code, § 20-702.

2. Where, in such a case, the plaintiff, contending that the date of issue is December 10, 1949, introduces evidence tending to establish that as the date, and the defendant, contending that the date of issue is December 19, 1949, offers competent evidence tending to establish the nineteenth as the date, the exclusion of such evidence offered by the defendant is error requiring the grant of a new trial.

3. Since the case must go back for a new trial, the other special grounds—dealing with newly discovered evidence and the charge of the court, and specifying alleged errors not likely to recur on a new trial—are not passed on at this time.

*Judgment reversed. Gardner, P.J., and Townsend, J., concur.*

DECIDED MARCH 14, 1952.

*Leon & Dean Covington,* for plaintiff in error.
*Jefferson L. Davis, J. R. Cullens,* contra.