630

36397.  PORIER *et al. v.* SPIVEY.

Decided November 27, 1956.

*Robert L. Cork,* for plaintiff in error.

*H. B. Edwards, Sr., H. B. Edwards, Jr., W. J. Gibbons,* contra.

NICHOLS, J. 1. The petition seeks to recover for the separate injuries sustained by the plaintiffs as well as for the damages to the automobile allegedly owned by the plaintiff George B. Porier. No special demurrers were filed, and a general demurrer will not reach a misjoinder of parties or causes of action. *Linder* v. *Wimberly,* 158 *Ga.* 285 (123 S. E. 129), and cases cited. Therefore, no question as to a misjoinder of parties plaintiff is presented or ruled on.

2. "Diligence and negligence, including contributory negligence and proximate cause, are ordinarily peculiarly for the jury and the courts will not solve such ·questions on demurrer except where such questions appear palpably clear, plain, and indisputable. *Southern Ry. Co.* v. *Slaton,* 41 *Ga. App.* 759 (3) (154 S. E. 718). While it is true that 'it is an elementary rule of construction, as applied to a pleading, that it is to be construed most strongly against the pleader; and that if an inference unfavorable to the right of a party claiming a right under such a pleading may be fairly drawn from the facts stated therein, such inference will [on demurrer] prevail in determining the rights of the parties'

(*Krueger* v. *McDougald,* 148 *Ga.* 429, 96 S. E. 867), it is also an elementary rule of construction, as applied to a pleading, that a general demurrer goes to the whole pleading which it attacks, and should be overruled if any part of such pleading is good in substance. *Western & Atlantic R.* v. *Hughes,* 84 *Ga. App.* 511 (66 S. E. 2d 382)." *Shirley Cloak & Dress Co.* v. *Arnold,* 92 *Ga. App.* 885, 890 (90 S. E. 2d 622).

In *Griffin* v. *Benton,* 92 *Ga. App.* 167 (88 S. E. 2d 287), which involved an action brought by the plaintiff as the result of the death of his son who was killed when the automobile being driven by him struck a mule in a "no-fence" county, it was held that a petition which alleged a violation of Code § 62-601, which amounted to negligence per se, alleged a good cause of action as against a general demurrer.

The petition in the present case alleges that Lowndes County, Georgia, is a "no-fence" county (a county where livestock is required to be fenced in), that the defendant owned the mule which was struck by the automobile being driven by the plaintiff George B. Porier, that the mule was on a public highway at the time of the collision, that the mule struck by the automobile, and another mule owned by the defendant and also upon the right-of-way of the highway, were normally kept in a fenced-in lot approximately 25 feet x 40 feet in size, that on the night of the collision the gate to the said inclosure was insecurely fastened, that it was fastened by a chain which was attached to the gate being looped over a nail approximately four inches long and which was driven into the fence post about one inch, and that the nail was of unsubstantial strength and size to hold the gate securely fastened. In addition to other specifications of negligence, the defendant was charged with the following act of negligence: "(b) The defendant negligently failed to have the gate (to the lot where the said mules were kept) securely fastened although he could have foreseen that the said mules would push said gate open and go out into the highway and create a peril and hazard to the motorist traveling thereon as aforesaid."

The allegations in the plaintiffs' petition with reference to the manner in which the gate was fastened were allegations of fact and not conclusions of the pleader, and this court cannot say as a matter of law that the allegations of the petition on this subject

did not charge the defendant with negligence, nor do the allegations of the petition show as a matter of law that the plaintiffs could have avoided the injuries and damages allegedly sustained by them after they were aware of the defendant's alleged negligence in not fencing the mules up in such a manner as to prohibit them from roaming unattended upon the public highways in a "no-fence" county.

Therefore, the trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*