## 37951. DEAN *v.* WILSON.

DECIDED NOVEMBER 17, 1959.

*Reinhardt & Ireland, Bob Reinhardt,* for plaintiff in error.
*John R. Rogers,* contra.

FELTON, Chief Judge. ▇ In his plea of estoppel in pais, the plaintiff avers no new facts on which an estoppel can be founded but simply seeks to challenge the legal sufficiency of the defendant's answer on the basis of the facts therein alleged. A plea of estoppel in pais is not sufficient for this purpose, since all issues of law shall be raised by demurrer. Code § 81-303. It is the office of a demurrer to challenge the legal sufficiency of the allegations actually made in the answer. *Sims* v. *Ethridge,* 169 *Ga.* 400 (2) (150 S. E. 647); *Crowley* v. *Calhoun,* 161 *Ga.* 354 (3) (130 S. E. 563) and cases cited. The court therefore erred in sustaining the plaintiff's plea of estoppel in pais.

▇ The defendant's answer alleges that in 1955 the plaintiff and defendant "entered into an oral contract whereby the said plaintiff rented and leased to this defendant 365 acres of cultivatable land in Turner County, Georgia, for a full term of three (3) years, together with the right to use and cultivate all allotted crops thereunto belonging which consisted of 100 acres of peanuts and 50 acres of cotton. This defendant agreed, under the terms of the said oral contract, to pay the plaintiff the sum of $10,500 as rental for the said lands and allotments for the said three-year period, and it was further understood and agreed by and between the plaintiff and defendant that the said $10,500 would be paid in three equal annual instalments of $3,500 each." It is further alleged that the annual rental instalments for 1956 and 1957 were paid but the 1958 instalment of $3,500 has not been paid.

The legal sufficiency of the defendant's entire answer was challenged by a general demurrer. The allegations of paragraphs 3, 4 and 5 of the answer seeking recoupment or setoff of $750 for wrongful withholding of peanut allotments, $500 for

wrongful division of Soil Bank proceeds and $1,890 for the rental value of a 63-acre deficiency in the cultivatable land rented to the defendant, are not sufficient to support a recovery since they show that the defendant had knowledge of each of these matters prior to the date of execution of the check on which the plaintiff's action is based. Under these circumstances, his execution of the check constituted a waiver of his right of action for any breach by the plaintiff. *Treat Orchard Co.* v. *General Chemical Co.*, 62 *Ga. App.* 305 (8 S. E. 2d 168).

Paragraph 6 seeks a recovery of $100 as the reasonable market value of a set of tail plows which the plaintiff borrowed from the defendant. It is alleged "on information and belief, that the said plaintiff has sold or otherwise disposed of the said property." Construed most strongly against the pleader, this allegation is not sufficient to show a conversion of the property into money and this matter must be construed as an action ex delicto, which may not properly be joined with an action ex contractu. *Henderson* v. *Hardeman & Phinizy*, 21 *Ga. App.* 297 (1) (94 S. E. 317). However, a misjoinder of causes of action cannot be reached by a general demurrer. *Porier* v. *Spivey*, 94 *Ga. App.* 630 (1) (95 S. E. 2d 712).

Paragraph 7 alleges that the check which is the subject of the plaintiff's action was executed "only for the reason that the said plaintiff would not deliver the marketing cards upon the said lands and allotments to this defendant until and unless this defendant executed and delivered the said check unto the said plaintiff. This defendant alleges that the said check was executed without consideration, under duress and that the said plaintiff wrongfully forced this defendant to execute the same knowing that this defendant could not market or sell any of his crops without the said marketing card."

"Mere threats will not constitute duress. The facts which are essential to constitute duress must be such as are sufficient to subvert the will of the party alleged to be under duress, and to substitute for his will the will of another." *Candler* v. *Byfield*, 160 *Ga.* 732, 737 (129 S. E. 57). Judged by these standards, the facts set forth in the answer are insufficient to constitute du-

ress and the allegations as to this matter and as to the failure of consideration constitute mere conclusions of the pleader.

The answer, which was stricken as a whole, also contains a general denial of the allegations of the plaintiff's petition as to the making, issuance and presentment of a certain check and its dishonor by the drawee bank for insufficient funds. This is sufficient to form an issue at least as to whether the check was presented for payment and payment refused for insufficient funds. *Cannon & Co.* v. *Collier*, 91 *Ga. App.* 40 (2) (84 S. E. 2d 482).

It is well settled that the answer of a defendant, no matter how defective it may be in some respects, will resist a general demurrer if it contains any matter of substantial right which the defendant can properly present by plea. *James* v. *Dayton Rubber Mfg. Co.*, 57 *Ga. App.* 511, 513 (196 S. E. 298) and cases cited. Accordingly, although the answer here was defective in several respects, the court erred in sustaining the general demurrer to it for the reasons stated above.

*Judgment reversed. Quillian and Nichols, JJ., concur.*