## 39956. HARDIGREE v. HOUSING AUTHORITY OF THE CITY OF ATLANTA.

Decided February 26, 1963.

*Llop & Long, Fred A. Gilbert, Joseph L. Llop,* for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Palmer H. Ansley, Meade Burns,* contra.

FELTON, Chief Judge. The decision on the question whether the petition set forth a cause of action is based on three basic related principles, as hereinafter stated: "The allegations of a petition must be construed most strongly against the pleader, and only facts well pleaded, and not the conclusions of the pleader, are admitted by the demurrer." *Ford v. S. A. Lynch Corp.,* 79 Ga. App. 481, 484 (54 SE2d 320). "In construing a petition on general demurrer, the court will consider that the plaintiff intended to serve his own best interests and will construe the allegations of the petition most strongly against the pleader, and if any inference unfavorable to the rights of the party claiming right may be fairly drawn from the allegations of the petition, this will be done." *Tarver v. Savannah Beach, Tybee Island,* 96 Ga. App. 491, 494 (100 SE2d 616). "It is the general rule that when considered on demurrer, pleadings must be construed most strongly against the pleader, and the absence of averments of essential facts and reliance by the pleader upon allegations short of such facts require a holding that they did not exist." *Hulsey v. Interstate Life &c. Ins. Co.,* 207 Ga. 167 (60 SE2d 353).

Application of the foregoing rules of construction of pleadings demands the conclusion that the petition failed to allege the breach of a duty on the part of the defendant and also showed on its face that the plaintiff failed to exercise ordinary care for his own safety and could have avoided the alleged negligence

of the defendant, assuming there was some, by the exercise of ordinary care. Under the above rules of construction, a fair and reasonable construction of the petition, considering the facts alleged and those omitted, is as follows: That plaintiff emerged into his hallway from a bedroom; that a light bulb needed replacing in the hallway fixture, and as a consequence the hallway was unlighted; that the lights in the bedroom from which the plaintiff came were in working order; that the plaintiff failed to turn on the light in the bedroom prior to going into the hallway; that if the plaintiff had turned on the bedroom light there would have been sufficient light in the hallway to enable him to reach the bathroom; that the plaintiff had known for several days that the light bulb in the hallway needed replacing and that the hall was not properly lighted; that the plaintiff made no effort to replace the burned-out bulb in the hall; that he traversed the unlighted hallway without any attempt to obtain sufficient lighting to guide him safely. There is no allegation in the petition that it was the duty of the landlord to replace burned out light bulbs in the plaintiff's apartment and the allegations of paragraph 10 of the petition are not sufficient to allege such a duty. Replacing a burned-out light bulb cannot be considered an alteration or repair to the apartment. "There is no duty on the part of a landlord to maintain lights or to illuminate passageways, porches and steps in the absence of a contractual obligation to do so, or when so required by statute." *Maloof v. Blackmon*, 105 Ga. App. 207 (2) (124 SE2d 441), citing *Phillips v. Ray-Jean, Inc.*, 84 Ga. App. 28, 39 (65 SE2d 617), and *Srochi v. Hightower*, 57 Ga. App. 322 (195 SE 323). Even if it were true that there was a duty on the landlord to replace the burned-out light bulb, the plaintiff was aware of the danger existing and could have easily avoided the consequence of the burned-out light bulb by the exercise of ordinary care. The petition did not set forth a cause of action and the court did not err in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*