## 40640.  ANDERSON v. CHEELY.

FELTON, Chief Judge.  1.  In an action to recover on a combination note and conditional sale contract a plea and answer setting forth that the plaintiff-vendor took possession of the automobile described in the contract about seven months prior to the filing of the plea and that so far as defendant knew the automobile was still in the possession of the plaintiff and that the plaintiff had given defendant no credit on the note sued on set forth a good defense, at least in part, as against a general demurrer.  These allegations necessarily meant that one of two things was true: (1) that the plaintiff had repossessed the vehicle under the terms of the contract sued on for the purpose of selling it as agent of the defendant at its fair market value and applying the proceeds less expense of sale on the note (any excess over indebtedness going to defendant) or (2) that the plaintiff had failed to sell the vehicle within a reasonable time in which event a rescission of the contract resulted in the absence of a legal excuse for not selling the vehicle within a reasonable time.  *Motor Contract Co. v. Johnson,* 61 Ga. App. 735 (5)  (7 SE2d 320); *Hargett v. Muscogee Bank,* 32 Ga. App. 701 (3, 5)  (124 SE 541); *Blevins Aircraft Corp. v. Gardner,* 66 Ga. App. 843, 845 (19 SE2d 350); *Dasher v. Williams,* 30 Ga. App. 122 (1)  (117 SE 108); *Mock v. Waters,* 6 Ga. App. 608 (3)  (65 SE 579); *Dean v. Wilson,* 100 Ga. App. 710 (112 SE2d 315); *Ben Hyman & Co. v. Solow,* 101 Ga. App. 249  (113 SE2d 489); *Ordinary v. Smith,* 55 Ga. 15 (2).

2.  The plea and answer did not set forth a good defense of failure of consideration and breach of implied warranty because the defendant waived these defenses by partial payments on the note sued on after notice of the alleged defects in the automobile purchased.  *Securities Investment Co. v. Jett,* 63 Ga. App. 384 (11 SE2d 36).

3.  The plea and answer set up no defense as to the plaintiff's obligation to refund the sum spent by the defendant in an effort to repair the automobile in view of the waiver of defects.  Neither did the answer show any right in defendant to recover attorney's fees under *Code* § 20-1404.

4.  A defendant may not contest the genuineness of the note and contract sued on while an admission that the copy thereof attached to the petition is correct remains in the answer.

The court erred in sustaining the general demurrer to the defendant's plea and answer and in rendering judgment against the defendant.

*Judgments reversed. Frankum and Pannell, JJ., concur.*

DECIDED MAY 6, 1964.

*Joseph B. Duke, Eva L. Sloan,* for plaintiff in error.
*G. L. Dickens, Sr.,* contra.