41036. H. W. IVEY CONSTRUCTION COMPANY, INC. et al. v. SOUTHWEST STEEL PRODUCTS.

Argued January 11, 1965—Decided April 6, 1965.

*Wilson, Branch, Barwick & Vandiver, George W. Hood, John W. Wilcox, Jr.*, for plaintiffs in error.

*Alston, Miller & Gaines, Hewitt H. Covington, Martin H. Peabody*, contra.

BELL, Presiding Judge. ■ The petition under consideration did not allege compliance with the following conditions present in the bond involved in this suit. "No suit or action shall be commenced hereunder by any claimant. . . Unless claimant shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished, or for whom the work or labor was done or performed."

The correctness of the trial judge's orders overruling the defendant insurance company's demurrers numbered 1, 2, 3 and 5 rests on the determination of whether the bond under review is a conventional or a statutory one. If held to be a conventional bond the demurrers of the defendant insurance company should have been sustained as the petition failed to state a cause of action since it omitted to allege compliance with an essential condition present in the bond. See *Code* § 103-103. If held to be a statutory bond given in compliance with *Code Ann.* § 23-1705, the omitted condition must be read out of its terms and the failure to allege compliance with it was proper. *Talmadge v. General Cas. Co.*, 88 Ga. App. 234 (76 SE2d 562) ; *Home Indem. Co. v. Battey Machinery Co.*, 109 Ga. App. 322, 326 (136 SE2d 193).

The construction project involved was an addition to the Avondale High School building and was within the jurisdiction of the DeKalb County Board of Education. By its terms the bond in question covered the contract of construction and named the DeKalb County Board of Education as obligee. Clearly it is

a bond given in compliance with *Code Ann.* § 23-1705 and is therefore a statutory bond. The bond was complete as a statutory bond and conformed with the statute except as to the above quoted condition which the statute does not authorize.

"The validity of a bond given in compliance with a statute, and which meets the requirements of the statute is not affected or its nature changed by the inclusion in the bond of a condition that is either not authorized or is repugnant to the statute, except in the instances where the law expressly provides that a bond not made strictly in accordance with the statute is void. . . . No law declares that a bond given in compliance with *Code* § 23-1705 but which included a condition not authorized by the statute is void or invalid." *St. Paul-Mercury Indem Co. v. Koppers Co., Inc.*, 95 Ga. App. 687, 696 (99 SE2d 275).

The cases of *American Surety Co. v. Small Quarries Co.*, 157 Ga. 33, 34-35 (120 SE 617) and *Hannah v. Lovelace-Young Lumber Co.*, 159 Ga. 856, 858 (127 SE 225), cited by the defendant surety, are distinguished in the *Koppers Co.* case, supra, and the distinctions there are applicable here.

The petition was not defective by reason of failing to allege compliance with an unauthorized condition in a statutory bond.

The trial court properly overruled the insurance company's demurrers 1, 2, 3, and 5. The exceptions to the remaining demurrers of this defendant were abandoned.

■ While defendant Ivey's counter claim in the amended answer arose from an incident that might under appropriate allegations furnish a basis for recovery in tort either by Ivey or by third persons, yet the counter claim sounds in contract as a plea of recoupment under a provision of the same contract upon which the plaintiff seeks to recover. "Recoupment is a right of the defendant to have a deduction from the amount of the plaintiff's damages, for the reason that the plaintiff has not complied with the cross-obligations or independent covenants arising under the same contract." *Code* § 20-1311; *Commercial Credit Co., Inc. v. Anthony*, 48 Ga. App. 725, 726 (173 SE 204). "Recoupment may be pleaded in all actions ex contractu, where from any reason the plaintiff under the same contract is in good

conscience liable to defendant." *Code* § 20-1314; *Middleton v. Pruden*, 191 Ga. 893, 900 (14 SE2d 82).

However, the averments in a plea of recoupment must be as full, clear, certain and definite in setting out the defendant's demand as his allegations would be if he were a plaintiff asserting the demand in an original declaration. *Atlanta Glass Co. v. Noizet*, 88 Ga. 43, 44 (13 SE 833); *Cook v. Cobb & Roper*, 22 Ga. App. 328, 329 (95 SE 1022); *Byrom v. Ringe*, 83 Ga. App. 234, 241 (63 SE2d 235). This obviously means that as against general demurrer a plea of recoupment is subject to the same test of sufficiency as a petition. Under numerous decisions of our appellate courts, the final test of the sufficiency of a petition to withstand general demurrer is whether the defendant can admit all the plaintiff's allegations and still escape liability. See *Code* § 81-304; *Frazier v. Southern R. Co.*, 200 Ga. 590, 597 (37 SE2d 774); *Johnson v. John Deere Plow Co.*, 214 Ga. 645, 648 (106 SE2d 901); *Ayers v. Baker*, 216 Ga. 132, 136 (114 SE2d 847). Ivey's counter claim fails to meet this test.

It was incumbent upon Ivey to show as a condition precedent to its right of recoupment under the indemnity provision, that it suffered damage by reason of a claim for which defendant was liable to some third person because of an accident occasioned by the plaintiff, its agents or employees. While we perceive from the sketchy allegations of the counter claim that there was an accident, other necessary allegations of fulfillment of the condition precedent are missing from Ivey's demand. There are no properly pleaded allegations of fact showing that the accident was "occasioned" by the plaintiff, its agents or employees, or that there was a claim against Ivey or that Ivey was damaged in any way.

While Ivey alleged that the accident was caused by plaintiff's "failure properly to perform the shoring and bracing" and that Ivey "was required to have repaired" certain property damage at Ivey's expense, this is not enough. The allegations are vague, indefinite, uncertain and conclusory as well. "A general demurrer only admits facts well pleaded. Where allegations are equivocal, doubtful, or subject to different interpretations, they

will be construed most strongly against the pleader." *Hoffman v. Chester*, 204 Ga. 296, 307 (49 SE2d 760) ; *State Farm &c. Ins. Co. v. Jones*, 98 Ga. App. 46, 55 (2) (104 SE2d 725). " 'The allegations of a petition must be construed most strongly against the pleader, and only facts well pleaded and not the conclusions of the pleader, are admitted by the demurrer.' *Ford v. S. A. Lynch Corp.*, 79 Ga. App. 481, 484 (54 SE2d 320). 'In construing a petition on general demurrer, the court will consider that the plaintiff intended to serve his own best interests and will construe the allegations of the petition most strongly against the pleader, and if any inference unfavorable to the rights of the party claiming [a] right may be fairly drawn from the allegations of the petition, this will be done.' *Tarver v. Savannah Beach, Tybee Island*, 96 Ga. App. 491, 494 (100 SE2d 616). 'It is the general rule that when considered on demurrer, pleadings must be construed most strongly against the pleader, and the absence of averments of essential facts and reliance by the pleader upon allegations short of such facts require a holding that they did not exist.' *Hulsey v. Interstate Life &c. Ins. Co.*, 207 Ga. 167 (60 SE2d 353)." *Hardigree v. Housing Authority of the City of Atlanta*, 107 Ga. App. 406, 407 (130 SE2d 275).

The trial judge did not err in sustaining certain general demurrers directed to Ivey's plea of recoupment. No ruling is required of this court on exceptions to orders of the trial judge on other general and special demurrers to Ivey's plea, and the correct sustaining of general demurrers for the reasons discussed above renders moot the remaining issues raised by demurrer.

■ The trial judge having ruled on the merits of Ivey's plea of recoupment, the order sustaining general demurrers to the plea properly established the law of the case adversely to Ivey. *Whiteway Neon-Ad., Inc. v. Maddox*, 211 Ga. 915, 916 (1) (89 SE2d 650) ; *Bridges v. Avery & Sons Co.*, 86 Ga. App. 9 (2) (70 SE2d 550). The trial judge correctly disallowed Ivey's amendment defectively seeking to reassert the same demand.

■ The defendants have abandoned all other assignments of error.

*Judgment affirmed. Frankum and Hall, JJ., concur.*