43603. STILL v. METROPOLITAN LIFE INSURANCE COMPANY.

WHITMAN, Judge. 1. This suit was brought by the appellant as beneficiary on a life insurance policy issued by appellee on the life of her husband. One of the issues made by the pleadings and by the evidence was whether the insured died as a result of suicide. The policy provided, among other things, as follows: "Suicide—If, within two years from the date of issue, the insured dies as a result of suicide, while sane or insane, the liability of the company will be limited to an amount equal to the premiums paid, without interest."

Under the evidence in the case, there was no accident involved in the decedent's death; it was either by suicide or at the hands of someone unknown, i.e., homicide. If the death was by homicide, then the insured would be liable under the policy in the same manner as if death occurred by accident and a presumption against suicide would exist in plaintiff's favor until overcome by the defendant.

2. It is contended that the trial court erred in charging the jury that "I charge you that if you determine that the preponderance of the evidence is against the theory that Mr. Still died as a result of homicide, then in that event any presumption against suicide would vanish," because it was not a "theory" but a presumption that decedent died as a result of homicide, and the effect of so charging was to place a lesser burden of proof upon the defendant than it has under the law. There was no exception to this portion of the

charge before verdict, as required by *Code Ann.* § 70-207 (a), nor do we find the charge to be harmful error as a matter of law within the meaning of § 70-207 (c). An examination of the whole charge leads to the conclusion that the court correctly instructed the jury. The court had just previously charged that there was a presumption in plaintiff's favor against suicide and that "a conflict in the evidence would not destroy the presumption against suicide, but that presumption remains throughout the case, and is overcome only by evidence which excludes by a preponderance of the evidence any hypothesis or theory of death by homicide." The charge complained of was a restatement of that previously given, which was a fair and correct statement of the law. *Templeton v. Kennesaw Life &c. Ins. Co.*, 216 Ga. 770, 775 (119 SE2d 549). The use of the word "theory" in either charge was not prejudicial but was only a method of characterizing the contentions of one side of the case as opposed to the other. Whether there was a preponderance of evidence against the theory of homicide, as delineated in *Templeton,* supra, in the light of the presumption against suicide as well as any other circumstances that appeared from the evidence, was, as the court charged, for resolution by the jury, and the jury has resolved it.

3. It is also contended that the trial court erred in overruling the appellant's motion for new trial on the general grounds; that the evidence was not sufficient to overcome the presumption against suicide. The decedent died as a result of three bullet wounds in the chest. He was found sitting up behind the steering wheel in his automobile in the parking lot of a doctor's office building. The bullet wounds were in the heart region and there were powder burns on his shirt and skin. The pistol was lying in the front seat on the floorboard, beneath his hands.

There was evidence that the decedent was having financial difficulty; that he had recently been involved in an automobile accident in which a person had been killed and a claim was pending against him on account of it; and that he was depressed. It was also shown that the decedent purchased a gun two days before his death; and that this was the gun found just below his hands in his automobile. One of the bullets passed through the body into the seat. There were no signs of violence. A physician, who was also the coroner that

investigated the death, testified that the decedent could have fired into his body three times before losing consciousness.

On the other hand, there was evidence that the decedent was not depressed; that just before his death he appeared as normal as always; that he had a cast on his right arm as a result of the automobile accident; and that although it would not be impossible, it would be difficult to fire a pistol with that hand. There was some testimony that the decedent sometimes carried money in a long-type billfold chained to his belt or in his coat pocket, and that this was not found among his personal effects; that decedent could have been shot and robbed.

In a case such as this, until the evidence preponderates against death by homicide, the jury is obliged to presume that homicide was the case, i.e., there is a presumption against suicide which remains until so dispelled. The question is one decided by the jury in weighing the evidence. "[T]he only place the presumption vanishes is in the jury room, and the time it vanishes is when the jury, in consideration of all the facts and circumstances, determines that the preponderance of the evidence is against the theory of accident [or homicide in this case]; and where that decision is arrived at, the presumption against suicide, like all other circumstances and inferences in favor of accident [or homicide] vanishes." *Templeton v. Kennesaw Life &c. Ins. Co.*, 216 Ga. 770, 773, supra.

The jury decided the presumption had been overcome and that the decedent had committed suicide. There is ample evidence to support their conclusion and it will not be disturbed.

4. There was no error in directing a verdict for the defendant below on the issue of attorney's fees and penalties for bad faith. Where the evidence adduced shows a reasonable and probable cause for denial of a claim, as in this case, it is error to submit the issue of bad faith to the jury. *Whitlock v. Interstate Life &c. Ins. Co.*, 112 Ga. App. 235 (144 SE2d 541); *Independent Life &c. Ins. Co. v. Thornton*, 102 Ga. App. 285 (6) (115 SE2d 835); *Dependable Ins. Co. v. Gibbs*, 218 Ga. 305, 316 (8) (127 SE2d 454).

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED MAY 6, 1968—DECIDED DECEMBER 5, 1968—

REHEARING DENIED DECEMBER 17, 1968—

*L. D. Skaggs, Hudson & Stula, Jim Hudson,* for appellant.
*Erwin, Birchmore & Epting, Nickolos P. Chilivis, Sam F. Lowe, Jr., Scott Charlton,* for appellee.