### 49374. JOHNSON v. MANN.

CLARK, Judge.

"The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. Code Ann. § 81A-150 (a). . . It is only where reasonable men may not differ as to the inferences to be drawn from the evidence that it is proper for the judge to remove the case from jury consideration. *Canal Ins. Co. v. Tate,* 111 Ga. App. 377 (141 SE2d 851)." *State Farm Mut. Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878); *Powell v. Ferguson Tile &c. Co.,* 125 Ga. App. 683, 688 (6) (188 SE2d 901).

In this action for breach of contract, plaintiff and defendant had made an oral contract for beautification of plaintiff's lawn. Plaintiff testified that pursuant to the contract defendant was to "remove all grass, level the land off, break it up, fertilize it, and sprig it for $1,600." Evidence was introduced that the grass was not removed, that the yard was not leveled, had not been either fertilized or broken up, and that much of the grass which defendant planted was defective. Although plaintiff introduced inconsistent or conflicting evidence concerning defendant's compliance with the contract, it was for the jury, not the court, to reconcile the inconsistencies. The court therefore erred in directing a verdict for the defendant.

Defendant asserts that since plaintiff's wife had inspected the lawn before giving defendant a check for the contract price, plaintiff thereby waived any breach.

In support of his assertion, defendant relies on *Treat Orchard Co. v. General Chemical Co.,* 62 Ga. App. 305 (8 SE2d 168). This case is not applicable because the delivery of the promissory notes by defendants was "after they were fully aware of the breach." (p. 308). Here the check was delivered and accepted without knowledge of the breach.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED MAY 6, 1974 — DECIDED JUNE 18, 1974.

*Louis H. Mitchell,* for appellant.

*Elkins, Flournoy & Garner, Thomas M. Flournoy, Jr.,* for appellee.