52957, 52958. NATIONWIDE MUTUAL INSURANCE COMPANY v. WARE; and vice versa.

QUILLIAN, Presiding Judge.

These appeals involve a suit by Ware on a policy of accident indemnity and a policy of hospital and major medical insurance issued by Nationwide Mutual

Insurance Company to Ware. The trial court granted Ware's motion for directed verdict as to liability. Nationwide appeals. The trial court also directed a verdict for Nationwide on Ware's complaint for damages and attorney fees as a result of alleged bad faith on the part of the insurer under Code Ann. § 56-1206 (Ga. L. 1960, pp. 289, 502; 1962, p. 712). Ware appeals. *Held:*

1. Plaintiff, Ware, testified that on May 10, 1974, he was approached by Nationwide's agent, Aldridge, who solicited him to apply for life, health, and accident insurance. He signed an "application insurance" on that date which contained a clause that stated: "No agent or other person except the President, Secretary or Treasurer has the power to make or modify any contract, or waive any of the Company's rights or requirements, and then only in writing." The application shows that "No" answers were recorded to the following questions: "Within the past five years has Proposed Insured: a. Had any disease, disorder, injury or operation which has not been previously mentioned? b. Consulted or been treated by a doctor. . .? d. Ever had X-rays. . .? [and]. . . has the proposed insured within the past 10 years been advised or medically treated by a doctor for . . . Any form of . . . bone, joint or back disorder. . .?" The insurer's agent certified that he "truly and accurately recorded the applicant's answers" on the application and witnessed the applicant's signature.

The plaintiff had, during October, 1972, dislocated his shoulder while playing with his nephew. He did visit a doctor. X-rays were taken. The arm was placed in a sling and he missed "a couple of weeks" work. Plaintiff considered the previous injury to be "pretty serious."

When the application for insurance was made out, the agent asked the questions and entered the answers on the application. Plaintiff stated he had been asked if he had "seen an attending physician in the last five years," and he said "yes." In response to the question from counsel regarding whether the agent had asked "any other questions about any injuries, or anything like that," Ware testified "only . . . had I seen an attending physician."

Ware paid the agent with a $38 check for the premiums. He testified that the agent told him "coverage

[would] be effective . . . [t]he moment I sign the policy and the moment I pay him the money."

One page of the application for disability insurance had a section stating: "I request that the Disability Income policy, if issued, be dated (check one): [ ] Date of this application. [ ] Date the application is approved by Company, [X] All policies be issued on same date the [sic] become effective [illegible] issued, 19—." This latter phrase was written in longhand and one word is illegible. Also, we cannot be certain that the one word marked [sic] above is the word, "the."

In the application for health insurance, the section for applicable date of coverage reads as follows: "I request that the policy, if issued, be dated (check one): [ ] Date of this application. [ ] Date application is approved by Company. [X] Date all applications [illegible] issue same effective on same date for single premium billing." As in the former application, the last phrase is written in longhand. The one illegible word could be the symbol, "&."

The issued policy had an effective date of "June 1, 1974." All applications are dated May 10, 1974. On May 27, 1974, Ware dislocated his shoulder while playing basketball. It was "the same kind of injury [he] received" in October, 1972. This latter injury required an operation. He was out of work for approximately 13 weeks. Two claims were presented to Nationwide. On the disability claim, signed by Ware, he described his injury as "dislocated right shoulder." In the second question thereafter: "Have you ever had same or similar conditions?" No response was recorded in the "yes" or "no" blocks. In the accompanying attending physician's statement, the doctor marked "no" to the question of whether "patient ever had same or similar condition. . ." In the second claim form Ware had answered "yes" to the question of a "similar condition," but in the accompanying doctor's statement there was a negative answer to the prior "similar condition" question.

a. Ware alleges the trial court erred in directing a verdict for Nationwide on his claim for damages and attorney fees because of alleged bad faith of the insurer. We disagree. Code Ann. § 110-104, as amended (Ga. L.

1961, p. 216), authorizes "[w]here there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." Admittedly, we have a conflict in the evidence as to whether the insured made false representations and when the coverage started. However, it is because of this conflict that the insurance company was legally authorized to contest the claimed liability of the insured. *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305, 316 (8) (127 SE2d 454); *Belch v. Gulf Life Ins. Co.,* 219 Ga. 823, 828 (2) (136 SE2d 351). Our Supreme Court has held that where the insurer is "justified in litigating the issue [it] cannot, as a matter of law, be liable for the statutory penalty for bad faith under Code Ann. § 56-1206." *State Farm Mut. Auto. Ins. Co. v. Bass,* 231 Ga. 269 (201 SE2d 444). We find that where the evidence adduced presents a justiciable controversy, the trial judge is authorized to conclude that there is a reasonable ground for contesting the claim so as to remove the issue from the jury (*Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582, 587 (3) (174 SE2d 591), (cert. den.)) and direct a verdict for the insurer. *Still v. Metropolitan Life Ins. Co.,* 118 Ga. App. 832, 834 (4) (165 SE2d 896), cert. den. Accord, *Independent Life &c. Ins. Co. v. Thornton,* 102 Ga. App. 285 (6) (115 SE2d 835).

b. Nationwide contends that the trial court erred in refusing to admit in evidence its records regarding Ware's application for insurance, its processing, and issuance of the insurance policy. We agree.

Code Ann. § 38-711 (Ga. L. 1952, p. 177) provides that "[a]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act [or] transaction . . . shall be admissible in evidence in proof of said act [or] transaction . . . if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter." The statute itself and a legislative resolution of 1958 (Ga. L. 1958, pp. 542, 543) evince the intent that this section "shall be liberally interpreted and applied."

The assistant chief underwriter for Nationwide testified that the excluded defendant's exhibits were "kept in the regular course of business with Nationwide... These are the company records with regard to the initial application and its processing." And in response to the question of whether the records were "kept contemporaneously," the witness testified as to the procedure followed upon receipt of the application until approval or rejection. These answers satisfied the bases set forth in the statute for admissibility. *Zanac, Inc. v. Frazier Neon Signs,* 134 Ga. App. 501, 502 (1) (215 SE2d 265). Exclusion of competent evidence tending to establish the effective date of an insurance policy requires the grant of a new trial. *Life & Cas. Ins. Co. v. Monday,* 85 Ga. App. 659 (2) (69 SE2d 910).

c. Defendant insurer enumerates as error the directed verdict for the insured plaintiff as to a liability. Pretermitting the issues of whether the insurer was estopped from asserting a defense of material misrepresentation — because knowledge of the agent is imputed to the principal (*Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582 (2), supra), and the additional issue of effective date of the policy, we must first decide the threshold issue of whether plaintiff made such material misrepresentations to the agent as would void the policy. Then we can turn to the successive issues of whether truthful answers were given to the agent and he recorded false answers, and whether they were material, etc.

"The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." *State Farm Mut. Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878); *Johnson v. Mann,* 132 Ga. App. 169 (207 SE2d 663). It is permissible only in situations where, "if there were a determination the other way, it would have to be set aside by the court." *Sunset Villa, Inc. v. Mothner-Simowitz Ins. Agency,* 135 Ga. App. 706 (218 SE2d 463). Furthermore, evidence in cases of directed verdict must be construed most favorably toward the party opposing the motion. *Osborne v. Martin,* 136 Ga. App. 86, 88 (5) (220 SE2d 19); *Gray v. Atlanta Transit System,* 136 Ga. App. 573 (222

SE2d 67).

The evidence presented by Ware was that he gave truthful answers to the insurer's agent. The contract of insurance, which included the appended application, was introduced by plaintiff. It was signed by the insurer's agent and showed that Ware gave incorrect answers on the application. Plaintiff's Exhibit 7 showed that Ware failed to enter a correct answer as to whether he had a dislocated shoulder before the one he received which was the basis for his claim. The doctor's statement attached to plaintiff's Exhibit 7 showed Ware did *not* have a prior similar condition. Defendant's Exhibits 1 and 2 showed conflicting statements as to whether Ware had a prior condition similar to the dislocated shoulder. These negative statements from two different doctors and one by Ware failing to say whether he had a prior dislocated shoulder, is some evidence tending to support defendant's theory that Ware gave the same incorrect answer to the insurer's agent.

Insurance is a matter of contract and rules governing construction of contracts are applicable to insurance contracts. *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 622 (174 SE2d 570). One of those rules is that the policy must be construed strictly in favor of the insured and against the insurer. *Southeastern Fidelity Ins. Co. v. Fluellen,* 128 Ga. App. 877, 879 (198 SE2d 407). Ordinarily, the construction of a contract is a question of law for the court. *American Cas. Co. v. Crain-Daly Volkswagen, Inc.,* 129 Ga. App. 576, 579 (200 SE2d 281). However, this does not authorize a trial court to construe an insurance contract in such a manner as to grant a directed verdict where there are conflicts of fact as to material elements of the contract. Code § 20-701. Cf. *Ga. Cas. &c. Co. v. Almon,* 122 Ga. App. 42, 45 (176 SE2d 205); *National Life Assur. Co. v. Massey-Ferguson Credit Corp.,* 136 Ga. App. 311, 316 (220 SE2d 793); *Cincinnati Ins. Co. v. Gwinnett Furniture Mart, Inc.,* 138 Ga. App. 444, 446 (226 SE2d 283).

Issues as to material misrepresentation as well as whether facts were or were not suppressed, like questions as to negligence, proximate cause, and similar matters, should ordinarily be submitted to the jury. *Globe Indem.*

*Co. v. Hall,* 94 Ga. App. 628, 629 (95 SE2d 759); *LaCount v. United Ins. Co.,* 138 Ga. App. 476, 478 (7) (226 SE2d 307). Particularly where the evidence is in conflict, it is a question of fact for jury determination as to whether untrue answers were given by an insurance applicant or whether the agent falsely inserted untruthful statements in the application. *National Life &c. Ins. Co. v. Goolsby,* 91 Ga. App. 361, 364 (2) (85 SE2d 611); *Pitts v. Gulf Life Ins. Co.,* 137 Ga. App. 658, 661 (4) (224 SE2d 776).

The trial court erred in directing a verdict for the insured when there were conflicts in the evidence concerning whether the insured gave truthful answers to the insurer's agent in the application for insurance.

d. Nationwide has also enumerated as error the refusal of the trial court to grant its motion for a directed verdict on the ground that Ware failed to prove that he had an insurance policy in effect on the date of the injury, May 27, 1974.

Nationwide had the right to insist on a ruling on its motion, in effect saying — admitting everything Ware asserts is correct, the insurance policy never became effective until it was approved by the company, which was subsequent to the injury. Accordingly, Ware was not insured.

As stated earlier, evidence in cases of directed verdict must be construed most favorably toward the party opposing the motion — in this case the plaintiff. *Osborne v. Martin,* 136 Ga. App. 86, 88 (5), supra. Further, policies of insurance will be construed strictly in favor of the insured and against the insurer. *Southeastern Fidelity Ins. Co. v. Fluellen,* 128 Ga. App. 877, 879, supra. "Any reasonable doubt as to uncertain language will be resolved against the insurer." *Nationwide Mut. Fire Ins. Co. v. Collins,* 136 Ga. App. 671, 676 (222 SE2d 828). The application offered an option to an applicant for "the said insurance shall take effect . . . on the application date" provided there was payment of the "full premium" and other specified acts — if applicable. The applicant did pay the premium on the date of the application, and testified that the agent advised him the policies would be effective as soon as he signed and paid. The garbled language used by the agent as to the effective date, when construed with

the remaining evidence properly before it, would have justified the trial court to properly deny defendant's motion for a directed verdict as to whether or not the contracts of insurance were in force as of the date of the incident. This enumeration is without merit.

2. The remaining enumerations are either mooted by the above opinion, are without merit, or are unlikely to recur upon a new trial.

*Judgment reversed as to 52957. Judgment affirmed as to 52958. Marshall and McMurray, JJ., concur.*

ARGUED OCTOBER 13, 1976 — DECIDED DECEMBER 3, 1976.

*Smith, Cohen, Ringel, Kohler & Martin, Harold A. Horne, Jr.,* for appellant.

*Long, Weinberg, Ansley & Wheeler, George H. Connell, Jr.,* for appellee.